**FIRST PREFERRED INSURANCE COMPANY, Appellant,**

v.

**Stanley B. BELL and wife Odessa M. Bell et al., Appellees.**

No. 9003.

Court of Civil Appeals of Texas, Amarillo.

Sept. 21, 1979.

Rehearing Denied Oct. 17, 1979.

Joe E. Shaddock, Wichita Falls, for appellant.

Gibson, Ochsner & Adkins, W. P. Sturdivant, Amarillo, for Richard E. Preston dba Preston Ins. Co.

Richard D. Bird, Childress, for appellee Stanley B. Bell.

DODSON, Justice.

First Preferred Insurance Company appeals from an adverse judgment rendered by the trial court in favor of Stanley B. and Odessa M. Bell. The Bells brought this action against Beacon National Insurance Company and First Preferred Insurance Company on an oral contract for fire insurance on a house, furnishings and other items of personal property located therein, which were destroyed by fire. Alternatively, they sought recovery against Richard E. Preston and Tom Preston d/b/a Preston Insurance Agency for failure to obtain insurance coverage on the property.

After a jury trial, the court rendered judgment that the Bells recover from First Preferred Insurance Company the sum of $30,339.41 plus post judgment interest at the rate of nine percent per annum. The judgment amount includes $19,000 for the house, $7,339.41 for the furnishings and other items of personal property and $4,000 for attorney's fees. The trial court further denied First Preferred Insurance Company recovery for indemnity or contribution against Richard E. Preston and Tom Preston d/b/a Preston Insurance Agency. We modify the judgment to exclude a recovery for attorney's fees and as modified, the judgment is affirmed.

On appeal, First Preferred Insurance Company maintains *inter alia* that the Bells had no insurable interest in the house; that they failed to establish all of the essential elements of the oral contract of insurance on the property; that the Bells failed to file a proof of loss which precludes recovery; that they were not entitled to recover attorney's fees on the loss; and that the trial court erred in failing to render judgment in its favor against Richard E. Preston d/b/a Preston Insurance Agency on its cross action for indemnity or contribution.

The uncontroverted evidence establishes the following matters:

1. That the Bells entered into a written contract to purchase the house in question from Ellena Crain on 16 November 1976; that they obtained a loan approval on the real property on 24 November 1976 and that on 26 November 1976, a fire destroyed the house, the furnishings and other items of personal property contained therein.

2. That Richard E. Preston and Tom Preston d/b/a Preston Insurance Agency were agents for First Preferred Insurance Company.

3. That Stanley B. Bell and Richard E. Preston agreed upon a Homeowner's Policy type "B" covering the house in the amount of $30,000, which provided for forty percent coverage on the furnishings and other items of personal property; and that the parties agreed on the premium amount and the policy period of one year.

4. That the insurance coverage was to be placed with a deviating rate company of the Beacon Insurance Group; that First Preferred Insurance Company is the deviating rate company in the Beacon Insurance Group; and the First Preferred Insurance Company denied liability and coverage on or about 3 December 1976.

5. That Ellena Crain had no insurance coverage on the house in question and that

the Bells never consummated the purchase of the property after the house burned.

First Preferred Insurance Company maintains that the Bells had no insurable interest in the house in question. We do not agree.

In *Smith v. Eagle Star Insurance Co.*, 370 S.W.2d 448, 450 (Tex.1963), The Texas Supreme Court stated the generally accepted rule to be that:

an insurable interest exists when the assured derives pecuniary benefit or advantage by the preservation and continued existence of the property *or* would sustain pecuniary loss from its destruction (Emphasis added).

In reference to the insurable interest question, the jury found that the Bells would have derived a benefit or advantage by the preservation and continued existence of the house in question; but refused to find that they suffered a pecuniary loss from the destruction of the house.

■ The appellant attacks the legal sufficiency of the evidence to support the jury's finding on the benefit or advantage issue. In deciding this question, we must "consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary." *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If there is any evidence of probative force to support the jury's challenged answer, then we must overrule the challenge and sustain the jury's finding on the issue. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The uncontroverted evidence shows that the Bells entered into a contract to purchase the house in question, obtained a loan approval on the property, took possession of the property and made improvements thereon. Under these circumstances, we conclude that there is evidence of probative force to support the challenged finding of the jury.

■ The appellant maintains, also, that the evidence is factually insufficient to sustain the jury's finding of a benefit or advantage. In deciding this question, we must consider and weigh all the evidence in support of and contrary to the challenged finding to determine if the jury's answer is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973); *Garza v. Alviar, supra; In re King's Estate, supra.* Having so considered and weighed all of the evidence, we conclude that the jury's finding on the benefit or advantage issue is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust.

■ The appellant says that the trial court erred in disregarding the jury's refusal to find that the Bells suffered a pecuniary loss from the destruction of the house. Again, we disagree. In *Smith v. Eagle Star Insurance Co., supra,* the essential elements of an insurable interest in property are stated in the disjunctive. Proof of a pecuniary benefit or advantage in the preservation and continued existence of the property is sufficient to sustain an insurable interest. *Smith v. Eagle Star Insurance Co., supra.* In view of the jury's finding on the benefit or advantage issue, the refusal to find a pecuniary loss is immaterial; therefore, the trial court did not err by disregarding the jury's refusal to find a pecuniary loss.

■ The appellant further contends that the Bells had no insurable interest in the property because they had not executed the contract of purchase before they attempted to obtain insurance coverage on the house. The evidence establishes that Mr. Bell went to the office of Preston Insurance Company at approximately 8:30 to 9:00 a. m. on 16 November 1976, for the purpose of obtaining insurance coverage on the house which he and his wife Odessa were purchasing from Ellena Crain. The transaction to obtain insurance coverage occurred at this meeting with Richard E. Preston at the Preston Insurance Agency.

Mr. Bell told Mr. Preston that he was going to an attorney's office to get the contract of purchase on the property. Bell went directly from the insurance office to

the attorney's office. The contract of sale and purchase was executed by the parties on 16 November 1976, at approximately 3:30 p. m.

In 44 C.J.S. *Insurance* § 179 (1945), the following general rule is stated:

> To render the contract valid, insured is required by many authorities to have an interest in the property at the time of making the contract as well as at the time of loss, although there are cases which seem to hold that an insurable interest at the time of the loss is sufficient, and it has been said that the requirement of an insurable interest when the risk is assumed arose merely to prevent the use of insurance for illegitimate purposes, and that it should not be extended beyond the reasons for it by excessively technical construction.

The appellant did not affirmatively plead and does not contend that the Bells obtained insurance on the house for any illegitimate purposes and our review of the record reveals that the evidence would not support a contention of illegitimate purposes. Under the circumstances we are persuaded that the fact that the Bells had not executed the contracts of purchase at the time Mr. Bell obtained insurance on the property does not render the oral contract of insurance unenforceable. *See Womble v. Dubuque Fire & Marine Ins. Co.,* 310 Mass. 142, 37 N.E.2d 263 (1941); *Antell v. Pearl Assurance Co.,* 252 Minn. 118, 89 N.W.2d 726 (1958); 43 Am.Jur. *Insurance* § 467, n. 15.

■ The appellant says the Bells failed to establish all of the essential elements of an oral contract of insurance. The uncontroverted evidence shows that Mr. Bell went to the Preston Insurance Agency and told Richard E. Preston that he was purchasing the house from Mrs. Crain; that he wanted the property covered with insurance; and that he had done business with U. S. F. & G. Insurance Company. Mr. Preston told Mr. Bell that he could save money by placing the insurance coverage with a deviating rate company; that he suggested a deviating rate company with the Beacon Insur-

ance Group; that First Preferred is a deviating rate company within the Beacon Insurance Group; that the parties discussed Homeowner's Policy types "A", "B" and "C"; that Mr. Bell decided on a Homeowner's Policy type "B"; that they determined that the amount of coverage should be $30,-000 and that the Homeowner's Policy type "B" carries 40 percent contents coverage; that Mr. Preston figured a premium of approximately $400 for a term of óne year and told Mr. Bell this amount; and that Mr. Bell said the contents coverage would not be enough, but that they never determined the amount of any additional contents coverage.

The uncontroverted evidence further shows that Richard E. Preston and Tom Preston d/b/a Preston Insurance Agency were agents for First Preferred Insurance Company, and that before Mr. Bell left the Preston Insurance Agency he asked Mr. Preston if he was covered to which Mr. Preston answered "sure" or "yes".

In general, "a contract of insurance may be oral in all respects provided it is complete and the minds of the parties have met as to all of the essential elements" of the agreement. 32 Tex.Jur.2d *Insurance* § 11, p. 36 & nn. 16, 17 & 18; *see Pacific Fire Ins. Co. v. Donald,* 148 Tex. 277, 281–82, 224 S.W.2d 204, 206–07 (1949). This section further provides:

> For the purpose of establishing the essential elements, an oral contract may be regarded as complete and binding, on the theory that it is presumed to have been made in contemplation of a policy containing the terms and conditions in ordinary use. It is not essential to an oral contract of insurance that every detail should be expressly agreed on, since an implied agreement concerning essentials is as good as an express agreement. The difficulty in establishing an oral contract is frequently obviated, in part, at least, by the presumption that the parties contemplated the provisions and conditions of the usual written policy. More particularly, it is generally held that in contracts for original insurance, where no

terms are expressly agreed on, it is presumed that the parties contemplated those contained in policies usually issued to cover like risks.

32 Tex.Jur.2d *Insurance* § 11, p. 37.

The uncontroverted evidence establishes that the parties agreed upon a Homeowner's Policy type "B" covering the house, in question, in the amount of $30,000 with forty percent coverage on the contents at a premium amount stated as approximately $400 for a term of one year with the deviating rate company of the Beacon Insurance Group. First Preferred Insurance Company was the only deviating rate company of that group. Under these circumstances, we conclude that the Bells established the essential elements of an oral contract of insurance with the First Preferred Insurance Company on the house in question in the amount of $30,000 with content coverage in the amount of $12,000 for a term of one year, and the appellant's challenge in this regard is overruled.

■ The jury found that the house was a total loss. The appellant attacks this finding with legal factual sufficiency points. We stated above the prescribed legal standards which this court must apply when determining legal and factual sufficiency points. Mr. Bell and a disinterested witness, each, testified that the property was a total loss. The evidence, also, shows that only a remnant of one wall of the house remained after the fire. There is no evidence that the remnant could reasonably be used as a basis for restoring the house. *See American Central Ins. Co. v. Terry,* 26 S.W.2d 162 (Tex.Com.App.1930, holding approved). Having considered the evidence in light of the prescribed legal standard for each point, we overrule the points of error.

■ In its brief, the Insurance Company avers that the Bells are precluded from recovery because they failed "to comply with notice of proof of loss provisions of any insurance policy." The evidence shows the fire occurred on 26 November 1976 and Mr. Bell notified Richard E. Preston of the loss on or about 28 November 1976. Mr. Preston reported Mr. Bell's claim to the appellant and after obtaining the services of an insurance adjuster to investigate the claim, the appellant denied the Bells' claim in a letter dated 3 December 1976, alleging no insurance contract and no insurable interest in the property. Under the circumstances, we must overrule appellant's contention. *See American Central Ins. Co. v. Terry, supra* at 164; *Austin Building Co. v. National Union Fire Ins. Co.,* 403 S.W.2d 499, 506 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.).

■ The jury found that the household goods and personal items were actually worth $25,687.95 to the Bells before the fire and "none" after the fire. The appellant says that actual worth or value to the Bells is the wrong measure of damages for these items of used personal property. In this connection, it maintains that the actual cash value or replacement cost of the property with proper deductions for depreciation is the proper measure. We disagree. In *Crisp v. Security National Insurance Company,* 369 S.W.2d 326, 329 (Tex.1963), the court states:

It has long been the rule generally in this state that to compensate for the loss of used household furniture and personal effects the measure of damages is the value of such goods to the owner, that is, the actual loss in money he has sustained by being deprived of articles which are especially adapted to the use of the individual and his family.

The court also said that:

The courts have not abandoned the consideration of either market or reproduction or replacement values in arriving at actual value to the insured, but evidence of those values may be used as a guide in making that determination rather than a shackle which compels strict adherence thereto. The trier of facts may consider original cost and cost of replacement, the opinions upon value given by qualified witnesses, the gainful uses to which the property has been put as well as any other facts reasonably tending to shed light upon the subject.

■ The appellant further maintains that the evidence is legally and factually insufficient to support the jury findings on the before and after actual worth or value to the Bells. Mr. Bell testified to the value of each item of the household goods and personal effects. The total value he stated was the sum of $37,551. The appellant offered no evidence on the value of the property in question. We have considered the evidence in light of the prescribed standards for determining legal and factual sufficiency challenges and overrule each of these points.

The Bells plead for attorney's fees. The jury determined that the sum of $4,000 was a reasonable attorney's fee. The trial court entered judgment for the Bells for the $4,000 amount. The appellant challenges this portion of the judgment on the grounds that attorney's fees are not authorized by contract, statute or otherwise. We agree.

■ In the absence of statutory authority or a contractual provision, attorney's fees are not ordinarily recoverable in an action on a fire insurance policy. *Bellinger v. Schutte,* 244 S.W.2d 261, 262 (Tex. Civ.App.—San Antonio 1951, writ ref'd). The Bells maintained that article 6.13 of the Texas Insurance Code and article 2226 of the Texas Revised Civil Statutes Annotated authorized the recovery of attorney's fees in this action. We do not agree. Statutes authorizing the recovery of attorney's fees are penal in character and are to be strictly construed. *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914, 915 (Tex.1967); *Van Zandt v. Fort Worth Press,* 359 S.W.2d 893, 895 (Tex.1962). Article 2226 of the Texas Revised Civil Statutes Annotated applied to the specific actions set forth therein, and it does not apply to an action to establish and recover under a contract of insurance. Article 6.13 of the Texas Insurance Code provides:

A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of the article shall not apply to personal property.

On and after January 1, 1951, the provisions of the preceding paragraph of this article shall be incorporated verbatim in each and every fire insurance policy hereafter issued as coverage on any real property in this State; and it shall be the duty of the Board of Insurance Commissioners, by proper order and procedure, to compel compliance with this statute.

This article does not specifically provide for or authorize the recovery of attorney's fees in action thereunder.

The Bells further rely on *Home Insurance Co. v. Boatner,* 218 S.W. 1097 (Tex.Civ.App. —San Antonio 1920), *writ dism'd,* 239 S.W. 928 (Tex.Com.App.1922). In *Boatner,* the court sustained a recovery for attorney's fees, where the insurance company had denied liability under a fire insurance policy. The court stated:

Appellant refused to pay the mortgagee anything, and for years has kept him out of his money, and it should be made to pay the mortgagee the amount of his debt when the judgment was rendered with interest and attorney's fees and 6 per cent. on that judgment from that date. It would be an encouragement to insurance companies not to pay their just indebtedness, if they could litigate for years at only 6 per cent. per annum. Appellant must pay the interest of the mortgagee as it appeared, but it positively refused to pay any sum, and made no tender whatever, and it should be compelled to pay the attorney's fees, for by its action it forced the mortgagee into court. *Id.* at 1099.

The court's opinion indicates no other basis, either by contract or statute, upon which the attorney's fees were awarded. Under the rationale of *Bellinger, Van Zandt* and *New Amsterdam Casualty Company,* we respectfully decline to follow *Boatner.* Each of these cases was decided several years subsequent to *Boatner.* We point out that the opinion of the Commission of Appeals in *Boatner* does not speak to attorney's fees and that the facts in *Boatner* are dissimilar from the facts presented in the case before us.

The appellant filed a cross action against Richard E. Preston d/b/a Preston Insurance Agency for indemnity and in the alternative for contribution. The trial court denied any relief on the cross action. In its point of error, the appellant claims that:

The Trial Court erred in refusing this Defendant indemnity and recovery over against Cross Defendant Richard Preston for the reason that Preston did not notify this Defendant of any insurance covering Plaintiffs, collect any premium nor inspect the property before placing such alleged insurance.

The appellant plead the cross action in general language, made no request for the trial court to submit issues to the jury on its cross action, and filed no motion for a directed verdict on the cross action. Also, the appellant does not contend by specific points of error, that it conclusively established all of the essential elements of a recovery for indemnity or contribution. Under the circumstances, the appellant's point of error is overruled. *See* Tex.R. Civ.P. 279, 301.

The appellant's brief contains twenty-five points of error. We overrule points of error 1, 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 18, 19, 20, 21, 22, 23, 24 and 25. We sustain point of error 16, which challenges the award of attorney's fees in the amount of $4,000. Our determination of these points of error is dispositive of this appeal; therefore, we deem it unnecessary to further discuss the remaining points of error.

Accordingly, that portion of the judgment decreeing that Stanley B. Bell and wife Odessa M. Bell recover from First Preferred Insurance Company the sum of $30,-339.41 plus interest at the rate of 9 percent per annum from the date of rendition of the judgment until paid is modified to decree that Stanley B. Bell and wife Odessa M. Bell recover from First Preferred Insurance Company the sum of $26,339.41 plus interest at the rate of 9 percent per annum from date of rendition of the judgment in the trial court until paid. As modified, the judgment of the trial court is affirmed.

The appellant is charged with 87 percent of the cost and Stanley B. Bell and wife Odessa M. Bell are charged with 13 percent of the cost.

COUNTISS, J., not participating.