**STANDARD FIRE INSURANCE COMPANY, Appellant,**

v.

**Melvin L. FRAIMAN, dba Jamaican Apartments, Appellee.**

**No. A2134.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1979.

Rehearing Denied Oct. 31, 1979.

Osborne J. Dykes, III, Fulbright & Jaworski, Houston, for appellant.

Julius Glickman, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Melvin L. Fraiman, dba Jamaican Apartments (appellee) sued the Standard Fire Insurance Company (appellant) to recover damages, interest and attorney's fees under the terms of an insurance policy issued by the company and under other theories of liability. After trial to a jury, appellee was awarded damages for his rental losses and

for expenses incurred because of appellant's breach of a policy provision.

On December 4, 1972, and January 29, 1973, appellee's apartment complex sustained fire damage because of two separate fires. After the insurance company refused to pay amounts claimed for building damage, appellee demanded that the losses be determined through appraisal, as provided for in the insurance policy. Appellant refused to submit to appraisal and appellee brought an action for declaratory judgment to determine the rights of the parties under the appraisal provision. In *Standard Fire Insurance Co. v. Fraiman,* 514 S.W.2d 343 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ), the court held that the insured has the right to enforce the appraisal provision of an insurance policy against an unwilling insurer. An appraiser was appointed and on November 15, 1974, the fire losses were paid by Standard Fire Insurance Company according to the appraisal award.

In the present action, filed July 11, 1975, Fraiman sued to recover rental loss, interest on the rental loss amount, damages for the insurer's breach of the appraisal provision of the policy, interest on the appraisal award, and attorney's fees.

Appellant's main contention is that the telephone and travel expenses awarded by the jury are consequential damages for appellant's refusal to appraise, and as such are not recoverable under a Texas standard fire insurance policy.

■ Generally, in the normal suit upon an insurance policy because of the insurance company's refusal to pay, the insured is only entitled to recover under the terms of the policy itself. *Gross v. Connecticut General Life Insurance Co.,* 390 S.W.2d 388, 390 (Tex.Civ.App.—El Paso 1965, no writ). At least in the absence of bad faith or a controlling statute, the insured can not recover consequential damages for breach or repudiation of an insurance policy.

However, appellant did not repudiate the policy, but instead breached a procedural provision calling for the appointment of appraisers in the event the parties failed to agree as to the replacement cost of the building damages. Whether damages may be awarded for the breach of such a provision seems to be a case of first impression in Texas. In an analogous situation Texas courts have sustained actions for damages for breach of an agreement to arbitrate. *Owens v. Withee,* 3 Tex. 161 (1848); *Brown v. Eubank,* 443 S.W.2d 386 (Tex.Civ.App.— Dallas 1969, no writ).

■ Although there are differences between an arbitration agreement and an appraisal provision, there are also similarities in that they both are contractual methods for resolving disputes without litigation. Appellant correctly points out that a remedy for damages was available to plaintiffs in arbitration suits because at common law an arbitration agreement could not be specifically enforced. But just because the appraisal agreement can be specifically enforced by the insured is no reason to prevent a cause of action for damages based on an insurer's breach of such provision. This is particularly true when the appraisal clause of the policy was designed to expedite claims settlements and to prevent litigation. To not allow damages would allow insurance companies to breach this provision without fear of any consequences and force insureds to bring suit to enforce the appraisal provision.

■ Appellant contends that the only damages contemplated by the parties to the insurance policies are those that are set out in the policy itself. It is claimed that the policy is similar to a promissory note and as such is just a contract to pay money. The policy, like a promissory note, describes the liability and losses for which the insurer may be liable. The appellant would be correct if this were a normal suit upon an insurance policy. However, as discussed above, this suit is based upon the breach of a procedural provision of the policy and not upon the breach of the entire policy itself.

■ Appellant next contends that appellee is not entitled to recover his consequential damages because the jury found against appellee on the "bad faith" theory of liabili-

ty and plaintiff's consequential damages were predicated upon this theory. We do not agree. There is no evidence in the record to show on which theory the case was tried. The breach of the appraisal provision was pled and was undisputed. The jury found, in response to special issues, that appellee suffered damages as a result of appellant's refusal to appraise. Since a statement of facts was not brought up on appeal, all liability issues on breach of contract that were not submitted must be deemed found in support of the judgment. *Schweizer v. Adcock,* 145 Tex. 64, 194 S.W.2d 549 (1946). Thus, we hold that a party clearly breaching an appraisal clause of an insurance policy should be liable in damages caused by such breach.

■ Under appellant's third point of error, it is urged that plaintiff's suit for rental loss was barred by the contractual limitations period in the policy. As regards the limitations period, "the general rule seems to be that limitation runs from the time when the loss *becomes due and payable* and the right to sue accrues, and not from the time when the loss occurs." *Whitehead v. National Casualty Co.,* 273 S.W.2d 678 (Tex. Civ.App.—Fort Worth 1954, writ ref'd) (emphasis added).

Appellant claims that the limitations period began April 15, 1973, or sixty days after filing proof of loss for the fire damage. Appellant misconstrues the policy provision. The clause provides:

"the amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company *and* ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided." (emphasis added).

The limitations period began to run sixty days after proof of loss *and* ascertainment of the loss was made by agreement or an award was filed with the company. There has been no agreement as to the rental loss. The appraisal award, filed on September 24, 1974, is the only award in the record. Fur-

thermore, the proofs of loss for *rental* losses were not filed until March 10, 1975. This is because the losses were continuing and did continue until October 31, 1974. There was no way to determine the rental losses until the losses ceased. Therefore, the filing of the suit on July 11, 1975 was within the two years and one day limitations period provided for in the policy.

■ Appellee complains by cross-points that the trial court erred in failing to award interest on the rental loss award and the building loss award. Generally, prejudgment interest is awarded from the date of the accrual of the cause of action if "the damages . . . are complete at a definite time, and the amount is determined by fixed rules of evidence and known standards of value . . . ." *Statler Hotels v. Herbert Rosenthal Jewelry Corp.,* 351 S.W.2d 579 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.). As to the interest on the rental loss amount, Standard Fire Insurance contends that the judgment is correct because the amount cannot be determined by fixed rules of evidence or known standards of value. Appellant also claims that appellee's demand was excessive and thus interest should be denied. *Ingham v. Harrison,* 148 Tex. 380, 224 S.W.2d 1019 (1949). However, we believe that this question is determined by a recent supreme court ruling, *Phillips Petroleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480 (Tex.Sup. 1978). In *Phillips* the supreme court announced the doctrine of equitable interest. It held that Phillips should not be allowed to retain and use Stahl's money, thereby enjoying a considerable benefit, and not have to pay anything for the use of it. Thus, since Standard Fire Insurance Company retained the money that should have been paid to appellee for his rental loss and made use of such money, it ought not to be unjustly enriched and therefore should have to pay interest on the amount from when it was due and payable.

■ Appellant claims that no interest is due on the building loss amount because the award was paid within sixty days of the

filing of the appraisal award. Therefore, under the terms of the policy, the loss was never payable. While this is true, the reason for the delay was because of appellant's initial breach of the appraisal provision of the policy. Thus, under *Phillips,* appellant should not be able to enjoy the use of appellee's money because of its own wrongful breach of the policy.

Lastly, appellee contends that attorney's fees should have been awarded in this action. We disagree. Article 2226, Tex.Rev.Civ.Stat.Ann. (Supp.1978) states that its provisions are not applicable to insurance policies issued by insurance companies subject to the Unfair Claims Settlement Practices Act (Article 21.21–2 Insurance Code). Since this is a fire insurance company, it falls within article 21.21–2, section 7, and thus is not within the provisions of article 2226. Because there is no statement of facts in the record and no issues were submitted on the fact of whether appellant falls within the provisions of article 21.21–2, this fact must be deemed in such a way as to support the judgment. The judgment contained no award of attorney's fees, therefore it must be deemed found that Standard Fire Insurance Company is within the provisions of article 21.21–2 and therefore attorney's fees cannot be awarded under this statute.

That part of the trial court's judgment denying Melvin L. Fraiman recovery for interest is reversed, and judgment is here rendered that Melvin L. Fraiman recover from Standard Fire Insurance Company six percent interest on the fire damage loss from July 20, 1973, the date upon which appellant repudiated the appraisal provision of the policy, until the date of tender of the appraisal award; and that six percent interest should be allowed on the rental loss amount from its accrual date on May 10, 1975 until the date of judgment. In all other respects, the judgment is affirmed.

Reversed and rendered in part, affirmed in part.

PAUL PRESSLER, J., not participating.