F. M. REYNOLDS et ux (Reynolds, Earlene), Plaintiffs–Appellees,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellant.

No. 79–1408.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1981.

Gordon R. Pate, Beaumont, Tex., for defendant–appellant.

Jas. W. Mehaffy, Jr., Beaumont, Tex., for plaintiffs–appellees.

ON PETITION FOR REHEARING

(Opinion November 6, 1980, 5 Cir., 1980, 629 F.2d 1111)

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

GOLDBERG, Circuit Judge:

On petition for rehearing, 629 F.2d 1111, defendant–appellant Allstate Insurance Company has raised two points in contesting the award of attorney's fees in this case. The issue of the availability of fees under the current version of Article 2226 presents a new and difficult task of interpreting recent statutory amendments–and one which was overlooked in the briefs and arguments in the original hearing. We now write to analyze the problems concerning the availability of fees in this case and to deny the petition for rehearing, except insofar as it relates to the availability of attorney's fees.

Allstate's first claim is that the case of *First Preferred Ins. Co. v. Bell*, 587 S.W.2d 798 (Tex.Civ.App.–Amarillo, 1979 writ ret'd n.r.e.) bars the recovery of fees on suits to recover under a contract of insurance. In *Bell*, the Texas Appellate Court was faced with deciding whether the term "oral or written contracts" included contracts of insurance. The *Bell* court relied on a long line of Texas cases which had held that Article 2226 was penal in character and should be strictly construed. Since Article 2226 provided for recovery only on "oral or written contracts" and not on "contracts of insurance," strict construction forced the *Bell* court to conclude that no attorney's fees were available in cases seeking recovery on contracts of insurance. However, since *Bell*, and apparently in reaction to the long line of Texas cases holding that Article 2226 was penal in character

and must be strictly construed, the Texas legislature has expressly amended the statute [as noted in the original opinion, 629 F.2d at 1117 (1980)] to provide both that the "Act is remedial in character" and that the "Act shall be liberally construed to promote its underlying purposes." Under all but the most strict construction, a contract of insurance is included within the term "oral or written contracts;" without a doubt, a liberal construction of "written contracts" includes contracts of insurance.

Since Article 2226 clearly includes contracts of insurance within the term "oral and written contracts," we must address for the first time and with the aid of very little briefing, appellant's second issue: whether fire insurance contracts are exempted from Article 2226 by operation of that Article's exclusion provision. This provision expressly notes:

> The provisions hereof shall not apply to contracts of insurers issued by insurers subject to the provisions of the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code), nor shall it apply to contracts of any insurer subject to the provisions of Article 3.62, Insurance Code, or to Chapter 387, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 3.62–1, Vernon's Texas Insurance Code), or to Article 21.21, Insurance Code, as amended, or to Chapter 9, Insurance Code, as amended, and each such article or chapter shall be and remain in full force and effect.

Section 7 of the Unfair Claim Settlement Practices Act seems to cover almost every type of insurer that can exist, in order to enable the Texas Board of Insurers to guard against deceptive practices by any of these companies. We find it extremely difficult to believe that the Texas legislature intended the exclusion provision to prevent the award of fees on all insurance contracts in all cases except those brought under the Unfair Claim Act by the Board of Insurers. Rather, it seems more sensible that the legislature excluded from the scope of coverage of Article 2226 suits brought under those Acts–such as the Unfair Claim Settlement Practices Act–which themselves specify conditions for awarding attorney's fees. Thus, we deem it more logical that the exclusion provision of Article 2226, quoted above, was intended to increase, not decrease, the availability of fees to plaintiffs. Yet, for the time being, it seems that the "plainer" language of Article 2226 and the case of *Standard Fire Insurance Co. v. Fraiman*, 588 S.W.2d 681 (Tex.Civ.App.–Houston, 1979, no writ hist.) require the conclusion that fire insurers, among many others, are excluded from even the "liberally construed" scope of Article 2226 and that attorney's fees should not have been awarded in the present case.

Therefore, the judgment of the trial court is affirmed, except in regard to its conclusion as to the availability of attorney's fees; in that regard, it is reversed.

The judgment of the trial court is

AFFIRMED IN PART AND REVERSED IN PART.