**BANCTEXAS DALLAS, N.A., et al., Appellant,**

v.

**Michael CORNWELL, Lead Underwriter of Lloyd's of London, Appellee.**

No. 05–84–0002–CV.

Court of Appeals of Texas, Dallas.

Dec. 10, 1984.

Rehearing Denied Jan. 14, 1985.

Alan H. Cooper, Ben L. Krage, Kasmir, Willingham & Krage, William A. Winston, Mahon, Winston & Chaney, Dallas, for appellant.

L.W. Anderson, Dallas, for appellee.

Before AKIN, VANCE and ALLEN, JJ.

AKIN, Justice.

BancTexas, Robert T. O'Brien, and David Walling, trustee in bankruptcy for Dallas Custom Vans Ltd., Inc., appeal from a judgment non obstante veredicto in which they were denied recovery on a casualty insurance policy issued by Lloyd's of London on a motor vehicle. We affirm the judgment against BancTexas because we hold that it failed to prove its right to recover on the policy. We dismiss O'Brien's claim on the policy because we hold that he was improperly realigned as a party plaintiff by the trial court. We also affirm the take nothing judgment against Walling because Dallas Custom Vans did not have an insurable interest in the vehicle at any time crucial to this appeal.

This lawsuit arose from a fire which destroyed a motor vehicle known as the "Heartbreak Hotel," a customized van.[1] This van was customized by Robert T. O'Brien, the designated beneficiary in a casualty insurance policy issued by Lloyd's on the van. O'Brien was also the owner of Dallas Custom Vans which used the "Heartbreak Hotel" in promotion of its services by showing it at automobile shows and dealerships, sometimes in return for a fee.

BancTexas sued to collect on the policy of insurance, arguing that it was entitled to the proceeds because Dallas Custom Vans owned the "Heartbreak Hotel" and because BancTexas had held a perfected security interest in that company's property since April of 1977. Walling, the trustee in bankruptcy for Dallas Custom Vans, joined as a party plaintiff. These two parties challenged O'Brien's right to collect on the policy, contending that his designation as beneficiary in his individual capacity was the result of a fraudulent transfer.

At the close of evidence, over Lloyd's objection, the court granted the bank's and Walling's motion to realign O'Brien as an involuntary party plaintiff for certain purposes. Additionally, the court granted these two appellants leave to file a trial amendment asking that O'Brien, who represented himself, be allowed to recover on the policy should the jury find them not entitled to collect thereon. In answer to special issues, the jury found, among other things, that Dallas Custom Vans owned the "Heartbreak Hotel" at the time of the fire and as of April 1977 and that the beneficiary rights in the policy were fraudulently transferred from that company to O'Brien. The jury also found that certain security precautions required of the insured by the insurance policy had not been violated so as to preclude recovery and that the van had been worth $100,000 before its destruction. Appellants moved for judgment based on these fact findings, but the trial court denied their motion and substituted its own fact findings for those of the jury. The

1. The van's creator named it in honor of a recording made popular by Elvis Presley. Its motif was designed in tribute to the late rock and roll musician.

court agreed with the jury that beneficial rights in the policy were fraudulently transferred to O'Brien, but it set aside the jury findings that Dallas Custom Vans owned the "Heartbreak Hotel" at the time of the fire and at times during which a BancTexas security interest might have attached. Furthermore, the court found that the fire which destroyed the van was caused by arson, contrary to a jury finding, and that the contract of insurance had been breached. Upon these substituted findings of fact, the trial judge rendered a take-nothing in favor of Lloyd's.

■ Appellants contend that the trial judge erred in setting aside jury findings and in rendering his own in their place. We first consider their argument that BancTexas was entitled to collect on any forthcoming proceeds because it held a perfected security interest in the "Heartbreak Hotel." In this respect, the evidence shows that the bank perfected its security interest in Dallas Custom Vans property in April 1977. However, BancTexas and Walling adduced evidence that O'Brien, individually, became owner of the van in February 1977. Both O'Brien and Bill Brummett, called as witnesses for appellants, testified to this fact. Their testimony was supported by a manufacturer's statement of origin which was introduced into evidence by appellants and which showed that Brummett, who was an officer of Dallas Custom Vans in February 1977, transferred ownership to O'Brien on behalf of the company. There was no evidence that O'Brien transferred his rights in the van back to the company at any time. Consequently, we hold that this evidence, introduced by appellants, establishes that Dallas Custom Vans did not own the van at the time of the fire or at any time after April 1977 when the bank first perfected its security interest in that corporation's property.

Furthermore, we disagree with appellants' contention that they proved that Dallas Custom Vans owned the "Heartbreak Hotel" with evidence that the company tried to lease the van to a third party and attempted to use it as security for obtaining a loan. Neither this evidence nor evidence that O'Brien did not pay for the van when he obtained it proves that title in the van rested in Dallas Custom Vans. Furthermore, there was no evidence or allegation that ownership in the van was transferred fraudulently. Consequently, we hold that BancTexas failed to prove that it held a security interest in any proceeds of insurance payable on the vehicle in question. Thus, the trial judge was correct in denying BancTexas' claim.

Next, we consider the trial judge's dismissal of O'Brien's claim. Although we have held that the evidence established ownership of the van in O'Brien, we conclude that he is not entitled to the insurance proceeds under the Lloyd's policy. In this respect, we previously noted that O'Brien was realigned as an involuntary party plaintiff after the close of evidence. By a cross-point of error, Lloyd's challenges this realignment and the accompanying trial amendment, by which the bank and Walling asserted a claim on O'Brien's behalf, on the ground that the trial court's ruling resulted in an unfair surprise to Lloyd's. We agree. Lloyd's prepared a defense to BancTexas' and Walling's pleadings but was not afforded an opportunity by the trial judge to defend against any legal theory on which O'Brien might have been entitled to recover. Although Lloyd's introduced some evidence which might have shown that O'Brien was precluded from recovering on the policy, Lloyd's did not try the case with the knowledge that such evidence was material to a claim by O'Brien. Neither was Lloyd's given the opportunity to cross-examine witnesses or to obtain discovery with respect to any rights under the policy that O'Brien might have had.

■ Leave to file a trial amendment, after the close of evidence, which effectively changes a theory of recovery is improper. *See Burroughs v. Farmers Dairies*, 538 S.W.2d 809 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). Accordingly, we hold that the trial judge abused his discre-

tion in granting appellants leave to file the trial amendment.

 Furthermore, we also conclude that O'Brien was improperly realigned as a party plaintiff. Although a party may be involuntarily realigned when the court finds it necessary to afford complete relief to those already parties, TEX.R.CIV.P. 39, no such necessity was present in this case. All parties were present at trial, including O'Brien, a named defendant, and each had the opportunity to present his claims arising from the destruction of the "Heartbreak Hotel." Therefore, if O'Brien had chosen to assert a claim to the insurance policy proceeds he could have done so on his own initiative, rather than the trial judge ordering appellants' attorneys to file such a claim for him after the evidence had closed. Consequently, we hold that the realignment of O'Brien as an involuntary plaintiff was improper and we dismiss him as a plaintiff in this suit and as an appellant on this appeal.

 Finally, we turn to the question of the propriety of the take nothing judgment as to Walling, Dallas Custom Van's trustee in bankruptcy. In this respect, we sustain Lloyd's cross-point by which it argues that Dallas Custom Vans had no interest in any insurance proceeds because there was no evidence of a fraudulent transfer of beneficiary rights from that company to O'Brien individually. As we have already noted, the record establishes that ownership of the "Heartbreak Hotel" was in O'Brien. Furthermore, it is undisputed that at the time the rights to the proceeds were transferred to O'Brien, Dallas Custom Vans was no longer in business. Because the company was no longer in business, the continued existence of the "Heartbreak Hotel" van could not have provided the company with any pecuniary advantage as a show van or as a promotional tool. Consequently, the company had no insurable interest in the van. *See First Preferred Ins. Co. v. Bell*, 587 S.W.2d 798 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Having found no insurable interest in Dallas Custom Vans, we conclude that the finding of a fraudu-

lent transfer of the policy in question is unsubstantiated by the record. Accordingly, we hold that appellant Walling has no right to the proceeds of the policy.

Since we have held that neither BancTexas nor Walling are entitled to the policy proceeds, we affirm the trial judge's take-nothing judgment in favor of Lloyd's. TEX.R.CIV.P. 434. We modify, however, the trial court's judgment with respect to O'Brien and order appellant O'Brien dismissed as a party to this appeal and as a party plaintiff. The judgment of the trial court is affirmed as modified.