**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Lorraine CLARK, Appellee.**

**No. 13–84–251–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1985.

Bradford M. Condit, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

James Ragan, Latham & Moss, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from the award of attorney's fees in favor of appellee insured and against appellant insurance company.

Appellee, Lorraine Clark, presented her claim on her insurance policy to appellant, State Farm Mutual Automobile Insurance Company, for property damages sustained in an auto collision with an uninsured motorist.[1] Appellant did not contest coverage, but refused to pay the claim on its contention that the insured's negligence exceeded 51%. Appellee subsequently brought this suit on her automobile insurance contract against appellant as the uninsured motorist insurance carrier. Appellee also sought to recover reasonable and necessary attorney's fees under the provisions of TEX. REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1985). Appellee's original petition alleged that appellant, by refusing to pay her claim, violated various provisions of the Texas Deceptive Trade Practices Act, TEX. BUS. & C.CODE §§ 17.46, *et seq.* and 17.-50(a) (Vernon Supp.1985) and the Texas Insurance Code, art. 21.21–2 (Vernon 1981). Alternatively, appellee sought attorney's fees based on these statutes.

The trial court granted the insurance company's motion for an instructed verdict against the appellee for the alleged DTPA and Insurance Code violations. However, based upon the jury's verdict, the trial court entered judgment in favor of appellee for her actual damages of $2,550.00, plus attorney's fees of $3,600.00, pursuant to article 2226.

Appellant does not contest its liability on actual damages on appeal. In its sole point of error, appellant attacks the award of attorney's fees to appellee under article 2226. The appellant insurance company argues that article 2226 is inapplicable because the latter provisions of the statute exempts insurance contracts that are subject to various provisions of the insurance Code.[2] We disagree with appellant's contention and hold that appellee is entitled to recover attorney's fees under article 2226.

---

1. The insured vehicle was driven by appellee's son, Donald Clark.

2. Article 2226, as pertinent here, provides as follows:

"*The provisions hereof shall not apply to contracts of insurers issued by insurers subject to the provisions of the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code), nor shall it apply to contracts of any insurer subject to the provisions of Article 3.62, Insurance Code,* or to Chapter 387, Acts of the 55th Legislature, Regular Session, 1957, as amended (Article 3.62–1, Vernon's Texas Insurance Code), or to Article 21.21, Insurance Code, as amended, or to Chapter 9, Insurance Code, as amended, and each such article or chapter shall be and remain in full force and effect. This Act shall be liberally construed to promote its underlying purposes." (Emphasis added.)

Appellant confines its point of error, and its argument thereunder, to the assertion that article 2226 does not apply to the insurance policy issued by it for the reason that it is an "accident insurance" company subject to the provisions of article 21.21–2 of the Insurance Code. *See* TEX.INS. CODE ANN. art. 21.21–2 § 7. Appellant relies on two earlier cases, both suits on fire insurance policies, which held that attorney's fees were not recoverable against the fire insurance companies because of the exclusionary language of art. 2226. *See Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Reynolds v. Allstate Insurance Co.,* 629 F.2d 1111 (5th Cir.1980), *aff'd in part and rev'd in part,* 633 F.2d 1208 (5th Cir.1981) (opinion on petition for rehearing).

In *Standard Fire Insurance v. Fraiman,* the Houston Court applied a strict construction to the 1978 version of article 2226 and held that "[s]ince this is a fire insurance company, it falls within article 21.21–2, section 7, and, thus, not within the provisions of article 2226." Attorney's fees were not awarded under article 21.21–2, apparently because no jury issue was submitted.

In *Reynolds,* the Fifth Circuit, in an attempt to interpret Texas law on this issue, reversed itself on rehearing and denied attorney's fees under article 2226. The Fifth Circuit noted in its opinion that they "must address for the first time … appellant's second issue: whether fire insurance contracts are exempted from Article 2226 by operation of that Article's exclusion provision." At that time, the only authority the Fifth Circuit relied on to interpret the exclusionary provision was the "plainer" language of article 2226 and the case of *Standard Fire Insurance Co. v. Fraiman. See* 633 F.2d at 1209. It is well worth noting that even then the Fifth Circuit reasoned the following:

"… We find it extremely difficult to believe that the Texas legislature intended the exclusion provision to prevent the award of fees on all insurance contracts in all cases except those brought under the Unfair Claim Act by the Board of Insurers. *Rather, it seems more sensible that the legislature excluded from the scope of coverage of Article 2226 suits brought under those Acts—such as the Unfair Claim Settlement Practices Act—which themselves specify conditions for awarding attorney's fees.* Thus, we deem it more logical that the exclusion provision of Article 2226, quoted above, was intended to increase, not decrease, the availability of fees to plaintiffs. Yet, for the time being, it seems that the "plainer" language of Article 2226 and the case of *Standard Fire Insurance Co. v. Fraiman,* 588 S.W.2d 681 (Tex.Civ.App.—Houston 1979, no writ hist.) require the conclusion that fire insurers, among many others, are excluded from even the 'liberally construed' scope of Article 2226 and that attorney's fees should not have been awarded in the present case." (Emphasis added.)

633 F.2d at 1209.

■ We have given careful consideration to the two cases relied upon by appellant and find neither of them to be controlling. In reaching this conclusion, we agree with the more recent statutory interpretation of several other courts of appeal that "the purpose of Article 2226 was to exclude only those claims against insurance companies where attorney's fees were already available by virtue of other specific statutes, as they are in those which Article 2226 specifically mentions." *Prudential Insurance v. Burke,* 614 S.W.2d 847, 850 (Tex.Civ.App. —Texarkana 1981, writ ref'd n.r.e.), 621 S.W.2d 596 (Tex.1981) (per curiam); *see Texas Farmers Insurance Co. v. Hernandez,* 649 S.W.2d 121, 124 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Bellefonte Underwriters Insurance Co. v. Brown,* 663 S.W.2d 562, 575 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Aetna Fire Underwriters Insurance Co. v. Southwestern Engineering Co.,* 626 S.W.2d 99, 102–03 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.).

By enacting article 21.21–2, the legislature has provided remedies for injuries suffered as a result of unfair claim settlement practices. This section, however, does not confer any private cause of action upon individuals injured by unfair settlement practices; but instead, the State Board of Insurance, upon finding an insurer in violation of the Act, is empowered to stop such unlawful practices by issuing a cease and desist order to the insurer. Art. 21.21–2 § 6(a), (b); *see Lone Star Life Insurance Co. v. Griffin*, 574 S.W.2d 576 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.); *Russell v. Hartford*, 548 S.W.2d 737, 742 (Tex.Civ.App.—Austin 1977, writ ref'd n.r. e.). Appellee, then, failed to state a cause of action against appellant insurance company for violations of art. 21.21–2 and the trial court properly granted an instructed verdict against appellee for such allegations. *See Russell v. Hartford*, 548 S.W.2d at 742.

In the present case, it is undisputed that the insurance contract on which appellee brought suit to recover property damages does not provide for recovery of attorney's fees. Appellee does not have alternative statutory relief for recovery of her attorney's fees under the provisions of the Insurance Code specifically mentioned in article 2226. Therefore, recovery is only permitted under the general provisions of article 2226. *See Commonwealth Lloyd's Insurance Co. v. Thomas*, 678 S.W.2d at 284; *Bellefonte Underwriters Insurance Co. v. Brown*, 663 S.W.2d at 575; *Texas Farmers Insurance Co. v. Hernandez*, 649 S.W.2d at 124. Here, attorney's fees were properly awarded by the jury in answer to the special issue submitted.[3] *See Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966) (where it is said that reasonableness of attorney's fees is a question of fact and must be supported by competent evidence and may be submitted to the jury); *accord Bullock v. Foster Cathead Co.*, 631 S.W.2d 208 (Tex.App.—Corpus Christi 1982, no writ). Appellant does

not challenge the evidence to support the jury's award of attorney's fees. Appellant's point of error is overruled.

In her prayer, appellee has requested this Court to award ten percent of the judgment as penalty pursuant to TEX.R. CIV.P. 438. Even assuming that appellee had properly raised this issue, we hold that she has not established that the appeal was taken primarily for the purpose of delaying payment which would permit such penalty.

The judgment of the trial court is affirmed.

---

**3.** (17) "Find from a preponderance of the evidence the reasonable and necessary cost of attorney's fees for pursuing Lorraine Clark's claim against State Farm Insurance Company? Answer in dollars and cents, if any. Answer: $3,600.00."