**L.N. BAZILE, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, American Indemnity Company, Inc., and General Accident Insurance Company, Appellee.**

**No. C14–88–642–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 22, 1989.

Rehearing Denied Dec. 21, 1989.

Les Fleming, Houston, for appellant.

Randall J. Heldt, Russell Ramsey, Stephen Pate, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

Appellant brought suit against the three appellees, as well as a fourth insurance company which has been severed from this cause, following a fire on April 17, 1981. Appellant hired both a public adjusting firm and an attorney to assist her in filing her claim. On August 8, 1981, the public adjuster filed proofs of loss with the various appellees. Three days later, an agent acting on behalf of all four companies rejected the proofs of losses stating that they had not been timely filed as required by the policies. On April 11, 1985, approximately three years and four months after the rejection of the claims and almost four years

after the date of the fire, appellant filed suit. The appellees filed motions for summary judgment asserting that the suit was barred under the provisions of their policies which required suit to be brought within a certain time period. The trial court granted the appellees' motions. We affirm.

In point of error number one, appellant asserts that the trial court erred in granting summary judgment since each appellee had failed to plead the time limitations set forth in the insurance policies as an affirmative defense. All three insurance contracts provided in part, as follows:

> The amount of loss for which this company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this Company of an award as herein provided.
>
> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day next after cause of action accrues.

Both General and Aetna filed general denials to the appellant's original petition. Neither General nor Aetna cited the contractual limitation in their answer. However, they did allege the provision in their motions for summary judgment. American specifically denied the allegations of plaintiff's petition and asserted the contract provision as a defense in its answer.

■ Appellant failed to raise the failure of General and Aetna to plead this affirmative defense. It was first raised in appellant's Amended Motion for New Trial. This motion is not a part of the appellate transcript and can not be considered. TEX. R.APP.P. 50; TEX.R.APP.P. 51. It was not properly before the trial court when the motion for summary judgment was heard. *Marek v. Tomoco Equipment Co.*, 738 S.W.2d 710 (Tex.App.—Houston [14 Dist.] 1987). Appellant's objection should have been made at the time of the summary judgment hearing. Appellant has thus waived this point of error. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676–677 (Tex.1979); *Sugarland Business Centers Ltd. v. Norman*, 624 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1981, no writ). Point of error number one is overruled.

■ In her second and third points of error, appellant asserts that the trial court erred in granting the summary judgment because the time limitations in each policy did not become applicable and that a material question of fact exists as to when each insurer denied liability. These limitations are contractual and not statutory. Provisions which limit the time in which to file a suit to two years and a day are valid and enforceable. *Commercial Standard Ins. Co. v. Lewallen*, 46 S.W.2d 355 (Tex.Civ. App.—Eastland 1932, no writ). An insured must plead and prove facts showing his damages are covered by the policy. *Employers Casualty Company v. Block*, 744 S.W.2d 940, 944 (Tex.1988). The denials by the appellees placed the contractual limitations provision in issue. Appellant was then required to address this issue. Appellant's apparent contention is that the limitations period did not begin to run because the proofs of loss were not received and accepted by the insurers. Appellant erroneously relies upon *Standard Fire Insurance Comp. v. Fraiman*, 588 S.W.2d 681 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) to support this assertion. There an insured brought an action to recover rental loss, interest on the loss and various other damages including attorney's fees. The insurer appealed the trial court's award of damages asserting that limitations barred the claim for rental loss. This court held that limitations run from the time when the loss becomes due and payable and the right to sue accrues when the rental losses stop, and not from the time when the loss occurs. *Standard Fire Insurance Comp. v. Fraiman*, 588 S.W.2d 681 at 684. There is no evidence in the record that there was a continuing rental loss here. The limitation period began to run when the appellant's cause of action

accrued. This was sixty days after the proofs of loss were rejected by the appellees' agents which was approximately October 8, 1981. *U.S. Fidelity v. Eastern Hills Meth. Church,* 609 S.W.2d 298 (Tex.Civ. App.—Fort Worth, 1980, writ ref'd n.r.e.); *National Military Mutual Life Ins. Co. v. Cross,* 379 S.W.2d 96 (Tex.Civ.App.—Corpus Christi 1964, no writ). Appellant did not sue until April 11, 1984.

Appellant further asserts that a material question of fact is raised by the affidavit she presented in opposition to the motions for summary judgment. She contends that the affidavit indicates the adjuster mislead her into a false sense of trust and confidence. In her affidavit, appellant states that "the adjuster for the four insurance companies, in his consideration of my loss, did not act in a fair and reasonable manner and proceeded to take unfair advantage of me, an elderly widow, and did not at any time conduct with me negotiations in good faith on this loss." The affidavit, as well as the remainder of the record, is silent as to any negotiations or actions following the rejection of the proofs of loss. There was no evidence presented to the trial court of appellant's being "lulled" into believing that the claim would be paid. Appellant's points of error number two and three are overruled.

The judgment of the trial court is affirmed.