## CAUBLE v. KEY. (No. 6647.)

(Court of Civil Appeals of Texas. Oct. 24, 1923.)

**1. Witnesses ⟢227—Administration of oath is essential to give testimony binding force; "testimony."**

Const. art. 1, § 5, clearly implies that the administration of an oath by a competent officer is a fundamental and essential requirement to give testimony its binding force, and is a prerequisite to the giving of evidence; "testimony" being a statement made by a witness under oath in a legal proceeding (citing 4 Words and Phrases, First and Second Series, Testimony).

**2. Witnesses ⟢227—Defendant not appearing does not waive swearing of witness; "waiver."**

The rule that a party allowing an unsworn witness to testify without objection waives such irregularity applies only where both parties are before the court and have opportunity to invoke its aid, and a defaulting defendant cannot be held to have waived the swearing of a witness, since, even though he defaulted, he had a right to presume that the law would be complied with, and that only competent and legal evidence would be admitted, and it being an essential element of waiver that a party must voluntarily and intentionally surrender a known right (citing Words and Phrases, First and Second Series, Waiver).

**3. Judgment ⟢126(1)—Rendition of default judgment on plaintiff's sole unsworn testimony held reversible error.**

In an action for an alleged balance due for work done under a verbal contract, in which default judgment was entered against defendant, trial court's hearing of plaintiff's sole unsworn evidence on which judgment was rendered *held* not legal evidence, heard by the court as required by Rev. St. 1911, art. 1939, and hence constituted reversible error.

**4. Pleading ⟢46—Allegations of defendant's residence held not fatally defective.**

Plaintiff, whose petition alleged that defendant "is at least temporarily in Tom Green county, Tex., where service may be had upon him," should have complied with Rev. St. 1911, art. 1827, providing that the petition shall

---

⟢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

clearly set forth the names of the parties and their residences if known, but plaintiff's failure to do so *held* not fatal, as the allegation was sufficient to enable the court to issue citation to the proper county, as required by articles 1850, 1852, in which county defendant was served.

**5. Process ⚌66—Certified copy of petition held not necessary to accompany citation.**

Where plaintiff's petition alleged defendant, when the suit was filed, was to be found in Tom Green county, and defendant was found and duly served there, it was not necessary that a certified copy of the petition be attached to the citation.

**6. Judgment ⚌138(2), 153(1)—Defendant held not to have shown diligence in having default judgment set aside.**

Where defendant was served in Tom Green county in November, 48 days before return day, but employed no counsel, and did not leave his home in a distant county until the day before court met, and did not, when delayed en route, seek to employ counsel until default judgment had been rendered against him, and did not make a motion to set aside the judgment until late in March, he failed to show diligence, and was not entitled to have the default judgment set aside, and the court in refusing a motion for new trial did not abuse its discretion.

**7. New trial ⚌173—On new trial granted to defendant, plaintiff held not required to again assume burden of whole case.**

Where, in an action for an alleged balance due for work under a verbal contract, defendant did not show diligence to excuse his default at time of trial, but a new trial was granted for trial court's rendition of judgment on plaintiff's sole unsworn evidence, contrary to Rev. St. 1911, art. 1939, *held*, that on the new trial defendant was entitled only to a compliance with Rev. St. 1911, art. 1939, as to the legal evidence required on the question of damages, and that plaintiff was not required again to assume the burden of the whole case.

Error from Tom Green County Court; J. T. Mathison, Judge.

Action by S. S. Key against C. M. Cauble. Judgment was entered against defendant, and his motion for new trial overruled, and he brings error. Reversed and remanded, with instructions.

Blanks, Collins & Jackson, of San Angelo, for plaintiff in error.

Anderson & Upton, of San Angelo, for defendant in error.

Statement.

BAUGH, J. On September 24, 1920, S. S. Key sued C. M. Cauble, in the county court of Tom Green county, claiming a balance due him by Cauble of $470.50, under a verbal contract to work on Cauble's ranch. He did not allege the residence of defendant, but instead alleged that he was "at least temporarily in Tom Green county, Tex., where

service may be had upon him." Defendant was served with process in Tom Green county on November 14, 1921, and, failing to appear or answer, judgment by default was rendered against him for the amount sued for, on January 3, 1922. On March 31, 1922, at the same term of said court, defendant filed his amended motion to set aside said judgment and grant him a new trial, which was, on the same day, overruled. The case is before us on writ of error under assignments of error and bills of exception.

Opinion.

[1-3] There is no statement of facts. The bills of exception undisputedly show that on the trial the plaintiff was the only witness, and that he was not sworn. By his first and fifth assignments plaintiff in error contends that, being an unliquidated demand, this does not comply with article 1939 of the Revised Civil Statutes, which requires the court, in such cases, to "hear evidence as to the damages and shall render judgment therefor," and that the trial court therefore committed fundamental error in his failure to comply with the law.

The defendant in error urges that, in the absence of a statement of facts, this court is not authorized to go into the sufficiency of the evidence upon which the original judgment was rendered. This has been repeatedly held by the appellate courts, and we are not to be understood as deciding to the contrary in the case before us. The question here, however, is not one of the sufficiency of evidence or of its admissibility, but rather whether the trial court complied with the law in hearing any evidence at all. "Testimony" has been defined as a statement made by a witness under oath in a legal proceeding. 38 Cyc. 248; 4 Words & Phrases, Second Series, p. 891; 24 Cyc. 2410. We think that the administration of the oath by a competent officer is a fundamental and essential requirement to give testimony, its binding force. The Constitution (section 5, art. 1) clearly implies that such is a prerequisite to the giving of evidence. Certainly no one should be allowed to invoke the aid of the courts of the land to litigate his rights, procure relief through unsworn testimony, and, if such were false, be immune from punishment. True, it has been held by the Supreme Court of the state that where a party sits and allows an unsworn witness to testify without objection, he thereby waives such irregularity. Trammell v. Mont, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479. But such can apply only where both parties are before the court and have opportunity to invoke its aid in the matter. In no event could the defendant in this case be held to have waived swearing the witness. Even though he defaulted, he had a right to

presume that the law would be complied with and only competent and legal evidence admitted. It is an essential element of waiver that a party must voluntarily and intentionally surrender a known right. 4 Words & Phrases, Second Series, p. 1223; 40 Cyc. 252; 27 R. C. L. 904. Certainly a party cannot be held to have waived something he knew nothing about. In our opinion, there was no legal evidence heard by the court, as required by article 1939, Revised Statutes, and we sustain these assignments of the plaintiff in error.

[4] By his second assignment plaintiff in error complains that plaintiff below did not comply with article 1827, Revised Statutes of 1911, in that he failed to allege the residence of the defendant, or that same was unknown to him. Article 1827 provides:

"The petition shall set forth clearly the names of the parties and their residences, if known, with a full and clear statement of the cause of action, etc."

On this point plaintiff's petition alleged that the defendant "is at least temporarily in Tom Green county, Tex., where service may be had upon him." Plaintiff should have complied with the statute, but his failure to do so in this instance we do not consider fatal. His allegations were sufficient to enable the clerk to issue citation to the proper county, as required by articles 1850 and 1852, Revised Statutes 1911, and the defendant was duly served in that county. This assignment is overruled.

[5] Plaintiff in error also complains that the citation should have been accompanied by a certified copy of the petition because he was a nonresident. We think there is no merit in this contention. Plaintiff's allegation was that he was, when the suit was filed, to be found in Tom Green county, and he was later found and duly served there, hence it was not necessary that a certified copy be attached.

[6] In the fourth assignment plaintiff in error urges that the trial court erred in overruling his motion to set aside the judgment, in that the proof showed that he had made a bona fide effort to reach San Angelo to defend said suit, but was prevented by circumstances beyond his control, and that his default was not due to his own carelessness. The trial court evidently found that he did not show proper diligence to appear in time. We think that is true. He was served in Tom Green county November 14th, some 48 days before return day. He employed no counsel, and did not leave his home in a distant county until a day before court met. He did not, when delayed en route, seek to employ counsel at San Angelo until, it seems, default judgment had already been rendered against him and then, so far as the record shows, took no diligent steps to protect himself. His motion to set the judgment aside seems not to have been filed until late in March. Under such circumstances we think he clearly failed to show diligence, and was not entitled to have the default judgment set aside. The granting of a new trial on this ground was a matter within the discretion of the trial court, and we do not think that court abused its discretion in this instance.

[7] We think the plaintiff in error has shown no such diligence as to excuse his default at the time of the trial, and that he is entitled, on a new trial of this cause, only to have the law complied with as to the legal evidence required under article 1939 of the Revised Statutes of 1911, and that plaintiff below should not have cast upon him again the burden of the whole case. Western Union Tel. Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715; Tankersley v. Martin-Reo Sales Co. (Tex. Civ. App.) 242 S. W. 328.

Because of the errors committed, we have concluded that the judgment should be reversed, and the cause remanded, with instructions that the trial court permit the plaintiff, if he so desires, to introduce evidence as provided in article 1939 of the Revised Statutes of 1911; and it is so ordered.

Reversed and remanded, with instructions.