GRAYSON FIRE EXTINGUISHER CO., INC. and Homer Noel Wright, Jr., Appellants,

v.

Charlotte JACKSON, Appellee.

No. 19499.

Court of Civil Appeals of Texas, Dallas.

April 10, 1978.

Rehearing Denied May 2, 1978.

Winston L. Borum, Gardere, Porter & DeHay, Dallas, for appellants.

Roger D. Sanders, Jarvis, Grisham, Sanders, Emerson & Fry, Sherman, for appellee.

AKIN, Justice.

■ This is a writ of error attacking a default judgment. The sole ground asserted by appellants is that the appellee failed to timely comply with Tex.R.Civ.P. 239a (Vernon 1976) with respect to furnishing the court's clerk with the defaulting defendants last known address so that the clerk could send defendants a copy of the default judgment, and therefore deprived defendants of an opportunity to timely file a motion for new trial. In this respect, appellants contend that Rule 239a is mandatory and that a failure to comply timely with that rule constitutes reversible error. We cannot agree. Accordingly, we affirm.

■ Appellee Jackson sought recovery for personal injuries and property damage sustained in an automobile collision with appellant Wright while he was acting within the course and scope of his employment with appellant Grayson Fire. Citations were properly issued, and, when appellants failed to timely appear and answer, a default judgment was rendered against them on April 15, 1977. On June 1, 1977, forty-seven days later, appellee filed with the court a written certificate stating the last known mailing address of appellant, Grayson Fire, but no certificate was filed giving Homer Wright's last known mailing address. The record shows that default notice was sent on June 1, 1977 to Grayson Fire. Appellants argue that the failure of appellee to file the written certificate required by Rule 239a, Tex.R.Civ.P. and the trial court clerk's failure to timely send appellants the notice of default judgment as required by Rule 239a, Tex.R.Civ.P. deprived appellants of the opportunity to timely file a motion to set aside the default and obtain a new trial under the more lenient standards for motion for new trial set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). They urge that, in effect, the incentive of plaintiffs would be not to comply with Rule 239a and thereby relegate defaulting defendants to the stricter standards required in a bill of review. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). We cannot agree that, even if mandatory, this is a ground for reversal in a writ of error. On writ of error, an appellant is limited to showing the invalidity of the judgment by the papers on file in the case. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961). Since the judgment on its face here is not invalid and, in fact, appellants do not assert that the judgment is invalid on the face of the record, we hold that this avenue of attack on the judgment is not available.

■ Appellants suggest, however, that such a holding would render Rule 239a meaningless. We cannot agree. Rule 239a provides:

> At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom judgment is taken . . . Immediately upon the signing of the judgment, the clerk shall mail a postcard notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing of the docket . . . *Failure to comply with the provision of this rule shall not affect the finality of the judgment.* [Emphasis added]

As we read this rule, it was designed primarily as an administrative convenience for the parties and while the requirements may be mandatory, the failure to comply with this rule is not reversible error. Essentially, appellants are seeking to reverse a judgment valid on the record because of something occurring after the judgment was rendered. This we cannot sanction. Indeed, Rule 239a specifically provides that

failure to comply with its provisions shall not affect the finality of the judgment.

Our question then is what penalty attaches for failure to comply with the rule? The obvious intent of the rule is to require that immediate notice of the default be sent to the defaulting defendant so that he may timely challenge the default before the trial court loses jurisdiction. The rule is not rendered meaningless, as appellants suggest, by denying them the right to reversal on writ of error. Their remedy is to file a bill of review, and to set up lack of notice of the judgment as one of the grounds. Under *Alexander v. Hagedorn, supra,* they must "allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which [they were] prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of [their] own." Id., 226 S.W.2d 998. In *Lee v. Thomas,* 534 S.W.2d 422, 427 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.), the court held on an appeal from a bill of review that where an appellee knowingly gave the clerk a wrong address, it amounted to fraud and thus established the second element of the *Hagedorn* requirements. Similarly, in *Kelly Moore Paint Co. v. Northeast National Bank of Fort Worth,* 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ), the court held in a bill of review appeal that where the clerk of the court, through no fault on the part of plaintiff, failed to send the rule 239a notice, the plaintiff had satisfied the latter two requirements of *Hagedorn* for a bill of review. Thus, failure of the plaintiff to certify the address and the consequent failure of the clerk to send the notice would be highly important circumstances which would afford ground for relief from the judgment if the defendant is able to establish that he has a meritorious defense. *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964). We hold, however, that these are not in themselves grounds for reversal.