Raymond C. BLOOM and Alicia Valdes Bloom, Appellants,

v.

Gertrude BLOOM, Appellee.

No. 04–88–00105–CV.

Court of Appeals of Texas, San Antonio.

Jan. 11, 1989.

Rehearing Denied March 13, 1989.

464

Edward N. Daneri, Pytel, Blagg & Assoc., San Antonio, for appellants.

Kathleen Ebert, San Antonio, for appellee.

Before BUTTS and CHAPA, JJ, and BISSETT, Assigned Justice.

## OPINION

BISSETT, Assigned Justice.*

This is an appeal by a writ of error from a post-answer default judgment in which the appellants Robert C. Bloom and Alicia Valdes Bloom were defendants, and appellee Gertrude Bloom was plaintiff. The parties will be referred to as "plaintiff" and "defendants," as they were in the trial court. The principal question presented is whether the record shows that proper notice of the trial setting was provided to the defendants as required by TEX.R.CIV.P. 245 (Vernon Supp.1988).

Plaintiff filed her original petition on April 10, 1987, alleging the breach of an oral contract and the refusal by the defendants to return certain items of personal property previously delivered to defendants for safe-keeping. Defendants filed a general denial on May 6, 1987. The case was set for trial on the merits for August 18, 1987. Defendants did not appear at the trial. The case was tried to the court on August 18, 1987. Judgment in favor of plaintiff was signed on August 20, 1987, which decreed that plaintiff recover from defendants the sum of $44,401.69, with in-

* Assigned by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE

terest therein, certain personal property (jewelry) particularly described therein, and attorney's fees in the amount of $7,500.00. The judgment recites that the defendants were duly and properly notified of the trial setting "by and through their previous attorney of record, Ray Leach, and did not otherwise appear and wholly made default." In an affidavit attached to and made a part of the petition for a writ of error, defendant Robert Bloom stated:

I declare that the first time that I had any actual knowledge of a judgment rendered in this cause of action was on or about November 15th when Sheriff's deputies from Bexar County came to my office and inquired about executing a judgment on my property which had been rendered in the above cause of action on August 17, 1987.

I never received any official notice from the District Clerk of Bexar County concerning the rendering of a judgment against me.

I never knew that a trial date had been set in this cause of action, and I never participated in any such trial in any form whatsoever.

Defendants, in their second point of error, contend that plaintiff failed to give them notice of the trial setting and that, therefore, the judgment of the trial court should be reversed. We disagree.

TEX.R.CIV.P. 245 (Vernon Supp.1988) provides that the court may set contested cases for trial on motion of any party, or on the court's own motion, with reasonable notice of not less then ten days to the parties. TEX.R.CIV.P. 21a (Vernon Supp. 1988) provides that every notice required by the rules other than the service of citation, and except as otherwise expressly provided in the rules, may be served by delivering a copy of the notice or of the document to be served to the party, his agent, or *attorney of record*, either in person, by registered mail, by certified mail, or in any other manner as directed by the court.

ANN. sec. 74.003(b) (Vernon 1988).

A writ of error constitutes a direct attack on a default judgment, and in order for an appellant to prevail, the invalidity of the judgment must be disclosed by the papers on file in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Co.*, 514 S.W.2d 247 (Tex.1974). The appellate court will look only to the record on file in the trial court to determine the invalidity of the judgment. *Wilson v. Industrial Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). The usual presumptions of a judgment's validity are not indulged in a writ of error proceeding. *McKanna v. Edgar*, 388 S.W.2d 927, 929–930 (Tex.1965).

In a writ of error proceeding in which the question is whether the papers on file in the case (in the trial court) showed that proper notice of the trial setting was provided to the defendant, recitation of due notice in the judgment constitutes some, but not conclusive, evidence that proper notice was given, but where such judgment recitation is effectively rebutted by other evidence in "the papers," it is no longer taken to be true. *P. Bosco, Etc. v. Conley, Lott, Nichols, Etc.*, 629 S.W.2d 142, 143 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

The right of a party to be present at a trial and be heard is fundamental, and failure to give adequate notice of a trial setting constitutes lack of due process. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Morris v. Morris*, 554 S.W.2d 792, 793 (Tex.Civ.App.—San Antonio 1977, no writ).

In the case at bar, Mr. Ray Leach, the attorney for the defendants, filed a motion to withdraw as attorney of record on July 14, 1987. According to the briefs of both parties, the attorney for plaintiff, on the same day (July 14, 1987) filed a motion to set the case for trial, and mailed a copy thereof to Mr. Leach on July 14, 1987.

The motion to withdraw as defendants' attorney was heard on July 21, 1987. The defendants did not appear at the hearing although Mr. Leach, in his "Certificate of Service," certified that a true and correct copy of the motion and the order setting it for hearing "has been hand-delivered or mailed by certified mail, return receipt requested," to defendants at their home address. The motion was heard on July 21, 1987, as previously set, and an order, submitted by Mr. Leach, granting his motion was signed on July 24, 1987. The order, in relevant part, reads:

> After hearing the evidence and argument of counsel, the Court is of the opinion that Movant's notifying Defendants of Plaintiff's trial setting for August 17, 1987.
>
> IT IS THEREFORE ORDERED that RAY LEACH, attorney for Defendants, is permitted to withdraw and is hereby withdrawn as attorney of record for Defendants, ROBERT C. BLOOM and ALICIA VALDES BLOOM. IT IS FURTHER ORDERED that Movant will forward a copy of Plaintiff's trial setting to Defendants by certified mail, return receipt requested, as a condition to the granting of this order. IT IS FURTHER ORDERED that Plaintiff and her attorney shall execute service of any other document, pleading or notice as required by the Rules of Civil Procedure, by serving the Defendants at their last known place of residence, 10303 Charter Grove, San Antonio, Texas.

SIGNED on the 24th day of July, 1987.

/S/ Carol R. Haberman
JUDGE PRESIDING

SUBMITTED BY:

LAW OFFICES OF JAMES O. DEEGEAR, III
405 North St. Mary's Street
Travis Building, Suite 900
San Antonio, Texas 78205
(512) 224–0683

By: s/ Ray Leach
RAY LEACH
Texas Bar No. 12086200
ATTORNEY FOR PLAINTIFF

There is no evidence that Mr. Leach notified defendants "by certified mail, return receipt requested," or otherwise, that the case was set for trial for August 17, 1987. There is no evidence that the defendants

had actual notice of the date that the case was set for trial.

Defendants, in their petition for writ of error, alleged:

FURTHERMORE, the records of proceedings in this cause would indicate that on July 14, 1987, RAY LEACH, then Movant and attorney for ROBERT BLOOM and ALICIA VALDES BLOOM, Defendants, filed a Motion to Withdraw as Defendant's attorney of record and on the 21st of July, an Order granting said request was granted. On the same July 14, 1987, the day on which RAY LEACH filed to Withdraw as Counsel, Plaintiff's attorney, KATHLEEN EGERT, filed a Motion to Set for Trial on said cause of action and mailed a true copy thereof to RAY LEACH dated July 14, 1987.

A copy of the actual order setting the case for trial does not appear in the record. However, the trial court's docket shows that the case was set for trial for August 17, 1987. The papers on file in this case show conclusively that Mr. Leach knew of the trial setting when he submitted the order granting his motion to withdraw as attorney of record for the defendants as the order states that his request should be granted, "subject to Movant's notifying Defendants of Plaintiff's trial setting for August 17, 1987." Therefore, Mr. Leach knew the date that the case was set for trial *before* he was permitted to withdraw as attorney of record for defendants. Such notice constituted notice to defendants of the trial setting under TEX.R.CIV.P. 21a (Vernon Supp.1988). Defendant's second point of error is overruled.

In their third point of error, defendants complain that the trial court should be reversed and the cause remanded because plaintiff failed to notify then of the rendition of the default judgment. We do not agree.

TEX.R.CIV.P. 239a (Vernon 1976), at the time judgment was rendered in this case, in pertinent part, provided:

At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail a post card notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket.... Failure to comply with the provisions of this rule shall not affect the finality of the judgment.

Neither plaintiff nor her attorney of record certified to the clerk of the trial court in writing the last known mailing address of the defendants as required by Rule 239a, and there is no showing that plaintiff or her attorney obeyed that portion of the order permitting Mr. Leach to withdraw as attorney of record for defendants, which stated:

... It is further ordered that Plaintiff and her attorney shall execute service of any other document, pleading or notice as required by the Rules of Civil Procedure, by serving the Defendants at their last known place of residence, 10303 Charter Grove, San Antonio, Texas.

The statements made by defendant Robert Bloom in his petition for writ of error concerning notice to him of the rendition of the default judgment are uncontradicted.

Defendants, in support of their position, rely upon the case of *City of Laredo v. Threadgill,* 686 S.W.2d 734 (Tex.App.—San Antonio 1985, no writ) for the proposition that "the appellee's failure to comply with TEX.R.CIV.P. 239a in giving the clerk notice of the appellants' address weighs heavily in the court's consideration." That case concerns the denial of a bill of review, and is not in point. Here, we are concerned with an appeal by writ of error.

Defendants further rely on *Grayson v. Fire Extinguisher Co., Inc. v. Jackson,* 566 S.W.2d 321 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) for the proposition that while failure to comply with TEX.R.CIV.P. 239a is not reversible error, the rule is not rendered meaningless by denying the defendants the right to reversal on writ of

error. That case is in point since it concerns an appeal from a default judgment by writ of error; there, the appellants asserted that the appellee failed to comply with Rule 239a since he did not furnish the court's clerk with defaulting defendants' last known address so that the clerk could send appellants a copy of the default judgment, and therefore deprived them of an opportunity to file a motion for new trial; they contended that Rule 239a was mandatory and that the failure to timely comply with that rule constituted reversible error. The appellate court disagreed, and affirmed the default judgment.

■ The purpose of Rule 239a is to afford a defendant notice of the default judgment which has been rendered against him so that he can timely file a motion for new trial; it is designed as an administrative convenience for the parties, and the failure to file the certificate mentioned therein, or to give the required notice of the default judgment, does not constitute reversible error. *Grayson*, 566 S.W.2d at 32; *City of Houston v. Arney*, 680 S.W.2d 867, 873 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ Of particular importance to the disposition of the appeal in the instant case are the statements made in *Grayson*, 566 S.W.2d at 323, wherein it was said:

[O]ur question then is what penalty attaches for failure to comply with the rule? The obvious intent of the rule is to require that immediate notice of the default be sent to the defaulting defendant so that he may timely challenge the default before the trial court loses jurisdiction. The rule is not rendered meaningless, as appellants suggest, by denying them the right to reversal on writ of error. Their remedy is to file a bill of review, and to set up lack of notice of the judgment as one of the grounds.

In the case at bar, the failure of plaintiff to certify the last known address of the defendants to the clerk of the trial court and the consequent failure of the clerk to send notice of the rendition of the default judgment and the date the judgment was signed by the trial court would afford grounds for relief from the judgment if the defendants are able to establish that they have a meritorious defense to the action brought against them by plaintiff. *See Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964). However, their remedy is to file a bill of review, and to set up lack of notices as one of the grounds. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950).

■ In the appeal by writ of error, an appellant is limited to showing the invalidity of the judgment by the papers on file in the case. *Grayson*, 566 S.W.2d at 322; *Jaramillo v. Liberty Mutual Fire Ins. Co.*, 694 S.W.2d 585, 586 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Since the judgment on its face in this case is not invalid, and as the papers on file in this case do not show its invalidity, we hold that the failure to comply with the certificate and notice provisions of Rule 239a do not constitute reversible error in this appeal by writ of error. Defendants' third point of error is overruled.

Defendants further contend in their first point of error that the trial court's judgment should be reversed and judgment rendered that plaintiff take nothing because her original petition (her trial pleading) did not give them fair notice of the nature of the action brought against them, and, as a consequence, they could not adequately prepare a defense to such action. They argue that they were never apprised either directly or indirectly by the allegations in the petitions "if they were being accused of an intentional tort, a non-intentional tort, a breach of contract, a violation of some trust agreement, or some other cause of action sufficient to allow them to prepare a defense."

■ Plaintiff filed her Original Petition and Application for Temporary Orders on April 10, 1987, as above noted. These pleadings and the accompanying bond and temporary restraining order and show cause order were served on defendants on April 10, 1987 and April 13, 1987. Defendants immediately retained the services of an attorney, Ray Leach, who represented them continuously until three weeks prior

to trial, as hereinbefore detailed. Their attorney filed an answer and various other pleadings prior to the date that he was permitted to withdraw as attorney of record for defendants; however, no special exceptions to plaintiff's original petition were ever filed by their attorney. In the absence of special exceptions, the petition will be construed liberally in the pleader's favor. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977); *K.W.S. Manufacturing Company, Inc. v. McMahon,* 565 S.W.2d 368, 372 (Tex.Civ.App.— Waco 1978, writ ref'd n.r.e.).

■ TEX.R.CIV.P. 45 (Vernon 1979) provides that the petition "consist of a statement in plain and concise language of the plaintiff's cause of action...." In the case at bar, plaintiff, in her pleadings, recited in plain and concise language that she had delivered to defendants "$44,401.69" in cash and certain items of personal property belonging to her, with the oral agreement that they would safeguard all of the sums of cash and the personal property described in the pleadings without charge and would re-deliver them to plaintiff upon demand. This statement in plaintiff's petition, coupled with the remainder of her pleadings, was sufficient to advise defendants as to what issues were on trial and the proof which would be introduced at trial. "The test should be whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant." 2 McDONALD, TEXAS CIVIL PRACTICE, § 5.05, pp. 15–16 (1970). We are of the opinion that plaintiff's pleadings put an attorney of reasonable competence on notice that she was suing defendants for breach of an oral contract and bailment. Plaintiff's petition and her other pleadings contained statements describing the personal property sought to be recovered, giving dates, facts and circumstances which were sufficient to apprise defendants of the cause of action brought against them. Defendants' first point of error is overruled.

■ Defendants, in their fourth point of error, claim that the trial court erred "in assessing damages without hearing adequate evidence proving those damages." They argue that because plaintiff's claim is unliquidated and was not properly proved by an instrument in writing that it was reversible error to assess damages without hearing evidence proving those damages as required by TEX.R.CIV.P. 243. Plaintiff admits that her claim was unliquidated, but argues that it was properly proved by affidavit testimony.

Plaintiff, in her original petition, alleged: 1) on October 15, 1984, she delivered to defendant Robert C. Bloom, at his request, the sum of $12,713.69; 2) in November, 1984, she delivered to both defendants, at their insistence, "all of her jewelry, silver, linens and several crystal items totally valued in excess of $100,000.00"; 3) in February, 1986, she sold her apartment in New York City for $31,688.00 and delivered the proceeds of such sale to defendant Robert C. Bloom; 4) in April, 1986, she delivered to both defendants, at their insistence, "all her furniture, household items, chandelier, vases, light fixtures, rugs, lamps, crystal, china, silver, brass, porcelain and door chimes, valued in excess of $250,000.00"; 5) it was agreed between her and defendants that defendants would safeguard all of the personal property, including cash, and would redeliver them to her upon demand; and 6) since April, 1986, she had made repeated demands upon defendants to return all of her personal property to her; and 7) defendants have returned a portion of her jewelry and a portion of her furniture to her but have refused to return any of the remaining items except the sum of $350.00 cash.

In connection with plaintiff's application for a temporary restraining order and show cause order, plaintiff executed an affidavit whereby she swore that she was plaintiff in the case, that she had read the petition and application, and that the contents of each pleading "are true and correct to the best of my knowledge."

On April 29, 1987, a written agreement was signed by the parties and filed among

the papers in this case. It was agreed: 1) defendants would pay plaintiff $350.00 per month for living expenses, during the pendency of the case; 2) a joint inventory would be taken of the contents of defendants' home where the items of personal property (except cash) in controversy were located; and 3) the jewelry will be placed in a safety deposit box for safe-keeping. It was established that the jewelry consisted of four items.

Plaintiff testified at the trial that 1) she delivered all of the personal property, including cash, particularly described in her original petition to defendants; 2) it was agreed between her and defendants that they (defendants) would safeguard all of these sums of cash and items of personal property without charge to her and would re-deliver them to her at her request; 3) that she made repeated demands to defendants that they return the personal property, including cash, to her; 4) some of the jewelry was returned to her; and 5) none of the remaining items described in her original petition were returned to her by defendants.

The trial court, in its judgment, ordered that the four items of jewelry, which at that time had been deposited into the registry of the court, be delivered to plaintiff and decreed that plaintiff recover from defendants the principal sum of $44,401.69 with interest thereon at the rate of 10% per annum from date of judgment until paid.

TEX.R.CIV.P. 243 (Vernon 1976), in relevant part, provides:

If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment ...

Defendants rely on *Higgins v. Smith,* 722 S.W.2d 825 (Tex.App.—Houston [14th] no writ). That case is not in point; there, no evidence was presented to the court in support of the judgment. Here, the court heard evidence as to the damages sustained by plaintiff; such evidence fully supports the judgment. Defendants' fourth point of error is overruled.

Defendants, in their sixth point of error, contend the award of attorney's fees can-

not be sustained as a matter of law because plaintiffs' cause of action is not for a claim listed in TEX.CIV.PRAC. & REM. CODE ANN. § 38.001 (Vernon 1986). We disagree.

TEX.CIV.PRAC. & REM.CODE ANN. § 38.001, in pertinent part, provides:

A person may recover reasonable attorney's fees ... if the claim is for:

\* \* \* \* \* \*

(8) an oral or written contract.

We hold that the claim asserted by plaintiff is based upon an oral contract. Therefore, plaintiff is entitled to recover reasonable attorney's fees. Defendants' sixth point of error is overruled.

In their fifth point of error, defendants assert that it was reversible error to award attorney's fees to plaintiff's attorney because the claim for attorneys fees is unliquidated and that there is no evidence to support the award. We do not agree.

Plaintiff, in paragraph III of her original petition, alleged that it was necessary to secure the services of an attorney, and that defendants "should be ordered to pay reasonable attorney's fees and should be taxed as costs and be ordered paid directly to the undersigned attorney." In the prayer, plaintiff asked that her attorney "be awarded judgment" against the defendants "should be ordered to pay reasonable attorney's fees and should be taxed as costs and be ordered paid directly to the undersigned attorney." In the prayer, plaintiff asked that her attorney "be awarded judgment" against the defendants "for reasonable attorney's fees."

The statement of facts shows that no one testified at the trial with respect to attorney's fees, although plaintiffs' attorney, in an unsworn statement, told the court:

... I have incurred attorney's fees and costs in excess of $7,500.00 in representing Gertrude Bloom ...

■ Testimony in a lawsuit comes from witnesses, who, under the sanction of an oath, relate facts within their knowledge, and the administration of an oath to a witness by a competent officer is a funda-

mental and essential requirement to give the witness' testimony binding force, and is a prerequisite to the giving of evidence. *Cauble v. Key*, 256 S.W. 654 (Tex.Civ.App. —Austin 1923, no writ); 37 Tex.Jur. III, *Witnesses*, § 653.

■ In the instant case, while the attorney for plaintiff is an officer of the court, her statement, if it is to be considered as evidence, was required to be made under oath, absent a waiver of the oath. Here, it is conclusively shown by the record that plaintiff's attorney was not sworn as a witness, and defendants, the defaulting parties, could not and did not waive the "swearing in" of the attorney. We hold that the unsworn statement by the attorney does not constitute evidence which supports the award of attorney's fees. However, that holding does not mandate a reversal of the award.

TEX.REV.CIV.STAT.ANN. art. 2226 [1] (now codified as TEX.CIV.PRAC. & REM. CODE ANN. §§ 38.001–38.006) was amended by the 62nd Legislature in 1971, effective May 17, 1971. That amendment, among other provisions, provided:

> [T]he court, in non-jury cases, may take judicial knowledge ... of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

While that statute, as amended in 1971 was in effect, the Supreme Court of Texas, in *Coward v. Gateway National Bank of Beaumont*, 525 S.W.2d 857, 859 (Tex.1975), speaking through Justice Walker, said:

> ... the court may examine the case file and is to make a determination of the amount of attorney's fees even if no other evidence is offered. This responsibility may be discharged by the trial judge in his role of trier of fact in the conventional trial of a non-jury case ...

Effective August 29, 1977, the 65th Legislature, in an amendment to Art. 2226, deleted the above-quoted provision in the 1971 amendment. The 66th Legislature, by an amendment, effective on June 6, 1979, reinstated the above-quoted provision, which was carried forward in the enactment of the TEX.CIV.PRAC. & REM. CODE ANN. (Vernon 1986), effective September 1, 1985. So, from May 17, 1971 until August 29, 1977, and from June 6, 1979 until the present date, the trial judge, in a conventional non-jury case, was and is now authorized to examine the case file and determine the amount of attorney's fees from such examination *even if no further evidence was offered in support of the award.*

TEX.CIV.PRAC. & REM.CODE ANN. § 38.004, which controls the awarding of attorney's fees in this case, provides in relevant part:

> The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:
>
> (1) a proceeding before the court
>
> \* \* \* \* \* \*

TEX.CIV.PRAC. & REM.CODE ANN. § 38.005 states:

> This chapter shall be liberally construed to promote its underlying purpose.

This article (§ 38.005) is an exception to the general rule that a statute which authorizes the recovery of attorney's fees is penal in character and must be strictly construed. *See First Preferred Ins. Co. v. Bell*, 587 S.W.2d 798 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

Although plaintiff did not ask the trial court to take judicial notice "of the usual and customary attorney's fees and of the contents of the case file" in determining the amount of attorney's fees to be awarded plaintiff's attorney, nor did the trial court formally announce that it had done so, we may presume that the trial court, in support of its judgment did take judicial notice of the usual and customary attorney's fees and of the contents of the case file in awarding attorney's fees in the amount of $7,500.00 to plaintiff's attorney. *Flint & Associates v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 626 (Tex.App.—Dallas 1987, writ denied); *Texas Securities Corp. v. Peters*, 463 S.W.2d

---

**1.** *Repealed* by Acts 1985, 69th Leg., ch. 959, § 9(1), eff. September 1, 1985.

263, 265 (Tex.Civ.App.—Fort Worth 1971, no writ); *Buckaloo Trucking Co. v. Johnson,* 409 S.W.2d 911, 913 (Tex.Civ.App.—Corpus Christi 1966, no writ).

After the deletion of the provision in Art. 2226, effective August 29, 1977, to the effect that the trial court could take judicial notice of the contents of the case file in determining the amount of attorney's fees without further evidence, until the 1979 amendment became effective on June 6, 1979, in every case proof was required by positive evidence of the "reasonableness" of attorney's fees to support the award of attorney's fees in a non-jury or in a jury trial. However, after the deleted provision was reinstated by the legislature in 1979, that provision was carried forward in the enactment of the TEXAS CIVIL PRACTICE AND REMEDIES CODE in 1985. Therefore, it is clear to us that the legislature intended for the "judicial notice of the usual and customary attorney's fees and of the contents of the case file," as provided in § 38.004 of the Code, to constitute *some evidence* on which an award of attorney's fees may be based. Consequently, defendants' claim that there is no evidence to support the award of attorney's fees is without merit.

We hold that the trial court's award of attorney's fees to plaintiffs' attorney was legal. *Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d at 859; *Smith v. Smith,* 757 S.W.2d 422 (Tex.App.—Dallas 1988, no writ as of date of this opinion); *Bethel v. Norman Furniture Co., Inc.,* 756 S.W.2d 6, 9 (Tex.App.—Houston [1st Dist.] 1988, no writ as of date of this opinion); *Flint & Associates v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d at 626; *Ho v. Wolfe,* 688 S.W.2d 693, 697 (Tex.App.—Amarillo 1985, no writ); *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 841 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Defendants' fifth point of error is overruled.

The judgment of the trial court is affirmed.

### ON APPELLANTS' MOTION FOR REHEARING

Defendants, in their motion for rehearing, contend that they were denied due process of law under the Fourteenth Amendment to the Constitution of the United States. They rely upon *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) in support of their contention.

For the procedural facts of *Peralta, see Peralta v. Heights Medical Center, Inc.,* 715 S.W.2d 721 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); there, plaintiff filed suit in February, 1982. Citation was issued on the same date that suit was filed, but was not served on defendant until June 16, 1982, more than 90 days after issuance. Defendant did not answer. On July 20, 1982, the trial court rendered a default judgment against defendant. The judgment was affirmed by the court of appeals, but was reversed and presumably remanded by the United States Supreme Court.

The court of appeals, in its opinion (page 722) set out the three elements of a bill of review which the defendant, in order to be successful in his appeal, must plead and prove. The court, in affirming the trial court's judgment, held that the trial court did not err in rendering judgment against defendant because he (defendant) "failed to plead and prove a meritorious defense" to the action brought by plaintiff. The United States Supreme Court disagreed, and, in effect, held that the Texas Court of Appeals' ruling that a default judgment rendered against a party who has not been timely served by citation or notice of the action brought against him (absent an answer or appearance), and absent pleading and proof of a meritorious defense, violates constitutional due process.

*Peralta* does not require a reversal and remand in this case. It differs from the case at bar in several respects. *First:* In *Peralta,* the service of citation was untimely; in the instant case, it was timely. *Second:* in *Peralta,* defendant did not file an answer before the default judgment was rendered; here, defendants filed an answer before the default judgment was rendered. *Third:* in *Peralta,* the notice provisions of

TEX.R.CIV.P. 21a were not involved; in the case before us in this appeal, the controlling issue is whether under the circumstances, notice of the trial-setting to defendants' attorney of record *prior* to the time that he was relieved and released as attorney of record constituted notice to defendants that the case was set for trial on August 18, 1987. *Fourth:* in *Peralta*, the appeal was by way of bill of review; in the present case the appeal was by way of writ of error; the procedures, requirements and avenues in an appeal by bill of review and in an appeal by writ of error are different.

We have carefully considered defendants' motion for rehearing. We adhere to our original decision, opinion and judgment in this case. The motion for rehearing is denied.

The judgment of the trial court is affirmed.