

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00158-CV

SAMOTTA RICHARDSON-WIGGINS

APPELLANT

V.

AH4R PROPERTIES TWO, LLC.

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-005204-1

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is a restricted appeal from a post-answer default judgment in a forcible detainer action. The default judgment awarded possession, back rent, and attorney's fees to Appellee AH4R Properties Two, LLC. Appellant Samotta

---

[1]*See* Tex. R. App. P. 47.4.

Richardson-Wiggins, appearing pro se, raises seven issues[2] arguing that the default judgment should be set aside.  We will affirm.

## II. BACKGROUND

Appellant and Jason Wiggins[3] entered into a lease with AH4R Properties to rent the property at 7708 Amsterdam Lane in Arlington, Texas, (the Property) for $1,575 per month.  The lease term was from October 15, 2013, to September 30, 2014.  Appellant failed to pay rent due July 1, 2014, and AH4R Properties sent notice to vacate on July 9, 2014.

On August 19, 2014, AH4R Properties filed suit for forcible detainer[4] in the justice court, alleging that Appellant had not paid rent from July 1, 2014, through

---

[2]At the beginning of her brief, Appellant lists four issues under the heading "Issues Presented on Appeal"; in the remainder of her brief, however, she lists seven topical headings and provides analysis under those seven headings.  We therefore broadly construe her issues to encompass those analyzed under the seven headings.  *See* Tex. R. App. P. 38.1(f), 38.9.

[3]Although Appellant purports to have filed her appellate brief on behalf of both herself and Wiggins, Wiggins did not file a notice of appeal, and—with certain exceptions not applicable here—a nonattorney pro se party cannot represent another party.  *See* Tex. R. Civ. P. 7; *Watts v. Nathan*, No. 02-14-00406-CV, 2015 WL 5451179, at *1 n.2 (Tex. App.—Fort Worth Sept. 17, 2015, no pet.) (mem. op.) (stating that pro se party cannot represent another party). *See generally Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (stating that generally an individual must appear either in person or by an attorney although a nonlawyer is not precluded from performing the specific ministerial task of depositing cash with a clerk in lieu of a cost bond).  Wiggins is therefore not a party to this appeal.

[4]Although labeled as a suit for "forcible entry and detainer," this appears to be a suit only for forcible detainer.  *Compare* Tex. Prop. Code Ann. § 24.001 (West 2014) (defining forcible entry and detainer), *with id.* § 24.002(a) (West 2014) (defining forcible detainer).

the date suit was filed. The judgment from the justice court does not appear in the record.

Appellant appealed the justice court's decision to the county court at law and requested a jury trial. When the case was called for trial, Appellant failed to appear. AH4R Properties put on evidence of the past-due rent and attorney's fees and requested possession of the Property. The county court at law signed a default judgment awarding possession, back rent, and attorney's fees to AH4R Properties. This restricted appeal followed.

### III. STANDARD OF REVIEW AND LAW ON RESTRICTED APPEALS

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial the opportunity to correct an erroneous judgment. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied); *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.). It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Id.*

To prevail in a restricted appeal, an appellant must establish that (1) she filed notice of the restricted appeal within six months after the judgment was signed, (2) she was a party to the underlying lawsuit, (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, the first three requirements of a

3

restricted appeal are not in dispute.  We thus turn to the issue of whether error is apparent on the face of the record.

The face of the record in a restricted appeal consists of the papers on file with the trial court when judgment was rendered.  *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.); *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.).  Thus, for purposes of a restricted appeal, we may not consider evidence unless it was before the trial court when it rendered judgment.  *Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *Campsey*, 111 S.W.3d at 771.  If extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is to file a motion for new trial or a bill-of-review proceeding in the trial court. *Gen. Elec. Co.*, 811 S.W.2d at 944.

## IV.  NO ERROR SHOWN ON THE FACE OF THE RECORD

### A.  Alleged Lack of Notice to Vacate

In her first issue, Appellant argues that AH4R Properties failed to notify her of any alleged breach of the lease, that the email notification she received from AH4R Properties did not constitute proper notice under the property code, and that the email notifications did not state that she needed to vacate the property.

The Texas Property Code provides that if the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a

4

forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. Tex. Prop. Code Ann. § 24.005(a) (West Supp. 2015). The notice to vacate shall be given in person or by mail at the premises in question. *Id.* § 24.005(f). Notice by mail may be by regular mail; by registered mail; or by certified mail, return receipt requested, to the premises in question. *Id.*

Our review of the record demonstrates that AH4R Properties sent written notice to vacate to Appellant at the Property's address by first-class regular mail and by certified mail, return receipt requested, on July 9, 2014, and that the notice was signed for on July 14, 2014. The written notice to vacate specifically states,

> Moreover, you are required to <u>VACATE THE PROPERTY</u> and to remove all of your personal belongings within three (3) days of the date this letter is delivered. If you fail to comply with this demand, and do not vacate the Property by the 11th day from the date this letter is delivered to the Property, we may, at our option, file suit against you for actual damages, attorney fees[,] and costs of court. **NO FURTHER NOTICE WILL BE GIVEN**.

The record thus demonstrates that AH4R Properties complied with the property code's requirements for giving notice to vacate. *See id.* § 24.005(a), (f); *Effel v. Rosberg*, 360 S.W.3d 626, 631 (Tex. App.—Dallas 2012, no pet.) (holding that landlord gave proper notice to vacate under Texas Property Code section 24.005). The record does not contain the alleged email notices that Appellant

5

complains of;[5] documents that were not on file with the trial court when judgment was rendered but that are included in an appendix to an appellate brief cannot be considered by this court.[6]  *See Falcon Ridge Apartments*, 811 S.W.2d at 944; *Campsey*, 111 S.W.3d at 771–72.  We therefore hold that Appellant has not shown error on the face of the record with regard to the notice to vacate, and we overrule all of the arguments contained in her first issue.

## B.  Alleged Fraud on the Court

In her second issue, Appellant argues that AH4R Properties committed fraud on the court by introducing into evidence the certified mail return receipt from the notice to vacate.  Appellant argues that the signature on the receipt is not her signature or her co-tenant's signature, that the certified mail originated in North Carolina and does not correspond to any address in the lease, and that the printout showing where the notice was picked up lists a different zip code than the postal center serving her area.

---

[5]After Appellant and AH4R Properties filed their briefs, Appellant filed a motion to supplement the clerk's and/or reporter's record, which we denied because it failed to specifically describe the items so that the clerk could readily identify them and because it failed to request items relevant to the issues she raises.  *See* Tex. R. App. P. 34.5(b)(2), (c).  Appellant thereafter filed a motion to reconsider her request to supplement the record, which was denied for the same reasons as her original motion to supplement.  *See* Tex. R. App. P. 34.5(b)(2), (c).

[6]In its brief, AH4R Properties asks that we strike any documents in Appellant's appendices that do not also appear in the trial or appellate record. We deny this request, but we cannot and will not consider any document that was not on file with the trial court when it rendered judgment.  *See Falcon Ridge Apartments*, 811 S.W.2d at 944; *Campsey*, 111 S.W.3d at 771.

6

The elements of fraud are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

Here, the signature on the certified mail return receipt is illegible. Although Appellant's signature is contained in the record, the written signature (as opposed to a computer-generated electronic signature) of her co-tenant is not contained on any document filed with the county court at law; the receipts for the notice to Appellant and the notice to her co-tenant bear the same illegible signature. To the extent Appellant argues that the certified mail should not have originated in North Carolina and that the zip code serving her postal area was required to be utilized as the designated location for her or her co-tenant to sign for the certified mail, neither the property code nor the lease impose such requirements on AH4R Properties. Therefore, even assuming the accuracy of Appellant's arguments, the record contains no evidence of the first element of a fraud claim—that a material misrepresentation was made. Moreover, under the property code, AH4R Properties was allowed to give notice to vacate by regular mail, and the record demonstrates that AH4R Properties did so. *See* Tex. Prop. Code Ann. § 24.005(f). We therefore hold that Appellant has not shown error on

7

the face of the record with regard to her fraud arguments, and we overrule all of the arguments contained in her second issue. *See, e.g., Houghtaling v. Houghtaling*, No. 01-13-00547-CV, 2014 WL 3928592, at *3 (Tex. App.—Houston [1st Dist.] Aug. 12, 2014, no pet.) (mem. op.) (stating that appellant's claims of fraud and misconduct, which were not before the trial court at the time it rendered judgment, could not form the basis of the restricted appeal and holding that alterations on the face of the document were not proof that attestation of notary was false); *Glazener v. Jansing*, No. 03-02-00796-CV, 2003 WL 22207226, at *3 (Tex. App.—Austin Sept. 25, 2003, no pet.) (mem. op.) (holding that there was no basis on the face of the record to believe that the person who signed the return was not a constable, despite illegibility of process server's signature).

### C. Alleged Defective Service of Process

In her fourth issue, Appellant argues that service of process was defective because the petition did not list all home and work addresses for Appellant that were known to AH4R Properties through the lease application. Appellant further argues that the appellate record lacks "a proven service record." AH4R Properties responds that Appellant filed an answer and thus waived any complaints about defective service. Case law supports AH4R Properties' argument. *See Phillips v. Dallas Cty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006 pet. denied) (stating that filing an answer waives any complaints about service), *cert. denied*, 552 U.S. 952 (2007). We

8

therefore hold that Appellant waived any complaints concerning service of process and has not shown error on the face of the record in that regard. We overrule all of the arguments contained in Appellant's fourth issue.

## D. Alleged Impropriety of Default Judgment

In her sixth issue under the heading "Default Judgment," Appellant argues (1) that she was not given forty-five days' notice to prepare for trial, (2) that the trial court erroneously assessed damages through October 2014, and (3) that AH4R Properties failed to certify her last-known address.

With regard to Appellant's notice argument, she mistakenly relies on Texas Rule of Civil Procedure 245. Texas Rules of Civil Procedure 510.1 through 510.12 govern forcible detainer suits. *See* Tex. R. Civ. P. 510.1–.12. Texas Rule of Civil Procedure 510.12 states, "An eviction case appealed to county court will be subject to trial at any time after the expiration of 8 days after the date the transcript is filed in the county court." Tex. R. Civ. P. 510.12. Here, the record demonstrates that the transcript from the justice court was filed in the county court at law on September 26, 2014, and that the trial did not take place until over a month later on October 28, 2014. The trial was therefore held in conformity with Texas Rule of Civil Procedure 510.12. *See* Tex. R. Civ. P. 510.12; *Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 739 (Tex. App.—

9

Fort Worth 2000, pet. dism'd w.o.j.) (holding former rule 753, the text of which is now in rule 510.12, applied to notice in a forcible detainer suit).[7]

In her argument challenging the damages assessed by the county court at law, Appellant contends that because she allegedly vacated the premises in September 2014,[8] the county court at law erred by awarding AH4R Properties rent through October 2014. At the trial, AH4R Properties put on evidence that the monthly rent was $1,575 and that Appellant had not paid rent for July, August, and September 2014. The county court at law awarded AH4R

---

[7]Moreover, the record indicates that Appellant received actual notice of the trial because the trial judge stated on the record,

> We have a fax that was received yesterday afternoon, I believe. Apparently, [Appellant's] asking for a continuance as well as something that was filed the 24th to reschedule trial. . . .
>
> . . . .
>
> . . . This file has been around for a while. I'm not clear from reading her fax exactly the basis. I'm not inclined to grant it, so I will deny her continuance."

To the extent that Appellant's sixth issue can be broadly construed as a challenge to the trial court's denial of her motion for continuance, Appellant has not met her burden to show on the face of the record that the trial court abused its discretion by denying her motion for continuance. *See Hornsby v. Alter's Gem Jewelry, Ltd.*, No. 09-04-00452-CV, 2005 WL 3073790, at *3 (Tex. App.—Beaumont 2005, pet. denied) (mem. op.) (holding that nothing on the face of the record demonstrated an abuse of discretion in denying motion for continuance).

[8]The record contains no evidence showing when or if Appellant vacated the Property. At the trial, the attorney for AH4R Properties stated that the Property was still occupied, and the "Tenant Ledger Report" for the Property lists no date for Appellant's move-out date.

Properties $4,725, which is the total for three months' unpaid rent.[9] The county court at law therefore did not award unpaid rent through October 2014.

In her last argument under the "Default Judgment" heading, Appellant argues that AH4R Properties failed to certify her last-known address in violation of Texas Rule of Civil Procedure 239a. Texas Rule of Civil Procedure 239a states the following with regard to giving notice of a default judgment,

> At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. . . . Failure to comply with the provisions of this rule shall not affect the finality of the judgment.

Tex. R. Civ. P. 239a. Even assuming that rule 239a applies to a post-answer default judgment in a forcible detainer action[10] and that AH4R Properties did not comply with this rule, such failure does not constitute reversible error. *See* *Clements v. Barnes*, 822 S.W.2d 658, 660 (Tex. App.—Corpus Christi 1991) (stating that rule 239a was merely designed as an administrative convenience for parties and holding that failure to comply with the rule is not reversible error),

---

[9]Appellant argues in part of her third issue that she did not agree to additional fees charged by AH4R Properties. The record demonstrates, however, that the county court at law did not award any late fees or administrative fees. We therefore overrule this portion of her third issue.

[10]Our search revealed no cases discussing rule 239a in the context of a forcible detainer suit.

11

*overruled on other grounds*, 834 S.W.3d 45 (Tex. 1992); *Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex. App.—San Antonio 1989, writ denied) (same).

We therefore hold that Appellant has not shown error on the face of the record with regard to the arguments under her heading "Default Judgment," and we overrule all of the arguments contained in her sixth issue.

### E. Alleged Impropriety of Attorney's Fees and Costs

In her seventh issue, Appellant argues that the county court at law abused its discretion by awarding AH4R Properties attorney's fees and costs because the fees are excessive for a case of this magnitude, the fees were not substantiated by a detailed billing listing each attorney and the hours spent on the case, and the required notice standards of Texas Property Code sections 24.005 and 24.006 were not met.

Texas Property Code section 24.006 sets forth the following requirements for obtaining an award of attorney's fees in a forcible detainer suit:

> (a) Except as provided by Subsection (b), to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.
>
> (b) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant.

12

. . . .

(d) The prevailing party is entitled to recover all costs of court.

Tex. Prop. Code Ann. § 24.006(a), (b), (d) (West 2014).

Here, as set forth above in the discussion of the notice to vacate, the record demonstrates that AH4R Properties provided the notice required by Texas Property Code section 24.006 and was therefore entitled to recover its attorney's fees. *See id.* § 24.006(b). As the prevailing party, AH4R Properties was also entitled to recover its costs. *See id.* § 24.006(d).

With regard to the sufficiency of the evidence to support the attorney's fees award, the record from the trial demonstrates that an affidavit by AH4R Properties' attorney in support of his request for attorney's fees was admitted into evidence. The affidavit states that based on the novelty and difficulty of the issue involved; the skill required to provide the legal services properly; the experience, reputation, and expertise of the lawyer or lawyers performing the services; the time and labor involved to perform the legal services properly; and the fee customarily charged in the community for similar services, attorney's fees of $2,000 are reasonable for the services performed in the justice court and in the county court at law on this case. The record thus contains legally and factually sufficient evidence to support the county court at law's award of attorney's fees. *See* Tex. R. Civ. P. 510.11 (stating that recoverable attorney's fees include fees incurred in both justice and county courts); *Stewart v. Warren Props., Inc.*, No. 04-13-00141-CV, 2014 WL 470146, at *3 (Tex. App.—San Antonio Feb. 5, 2014,

13

no pet.) (mem. op.) (holding that record contained legally and factually sufficient evidence of attorney's fees in forcible detainer suit).

We therefore hold that Appellant has not shown error on the face of the record with regard to the attorney's fees and costs, and we overrule all of the arguments contained in her seventh issue.

## F. Remaining Issues

In her third issue, Appellant argues that there was a lease modification, that AH4R Properties refused a certified funds payment from Appellant, that AH4R Properties refused to make reasonable effort to resolve the dispute and to allow Appellant time to cure any alleged breach, that AH4R Properties failed to mitigate any damages, and that AH4R Properties implied by their conduct that late rental payments were acceptable. In her fifth issue, Appellant argues that she made a reasonable attempt to cure any alleged breach by tendering payment, which was returned to her uncashed.

The record does not contain the documents that Appellant relies on to support her arguments, nor does the record contain any evidence to support Appellant's arguments. *See Falcon Ridge Apartments*, 811 S.W.2d at 944; *Campsey*, 111 S.W.3d at 771–72. Instead, the record shows that Appellant filed a general denial and did not raise any of the affirmative defenses she now attempts to raise for the first time in this restricted appeal. We therefore hold that Appellant has not shown error on the face of the record, and we overrule all of the arguments contained in her third and fifth issues. *See generally* Tex. R. Civ.

14

P. 94 (listing affirmative defenses); *First Nat'l Bank in Dallas v. Zimmerman*, 442 S.W.2d 674, 676–77 (Tex. 1969) (holding that affirmative defense that was not affirmatively pleaded was forfeited).[11]

## V. CONCLUSION

Having overruled Appellant's seven issues, we affirm the county court at law's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: February 11, 2016

---

[11]After the time for filing a reply brief had passed, Appellant filed a motion requesting an extension of time to file a reply brief; we granted the motion. Appellant filed a reply brief that exceeded the word count mandated for reply briefs. *See* Tex. R. App. P. 9.4(i)(2)(C). We therefore strike Appellant's reply brief. *See* Tex. R. App. P. 9.4(k) (permitting appellate court to strike document that fails to conform with the Texas Rules of Appellate Procedure). Moreover, we note that even if we did consider Appellant's reply brief, the reply brief undermines Appellant's arguments in her brief because the reply brief appears to reiterate that Appellant is no longer in possession of the Property. *See Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787–88, 790 (Tex. 2006) (dismissing appeal as moot because appellant was no longer in possession of property).